**T.W. THOM CONSTRUCTION, INC., Appellant–Plaintiff,**

v.

**CITY OF JEFFERSONVILLE and Hyun T. Lee, Appellees–Defendants.**

**No. 10A01–9906–CV–187.**

Court of Appeals of Indiana.

Dec. 29, 1999.

---

**6.** Timeliness in petitioning for review is a jurisdictional issue. *See* Ind.Code § 4–21.5–

5–4.

Richard L. Mattox, Derrick H. Wilson, Mattox & Mattox, New Albany, Indiana, Attorneys for Appellant.

Michael A. Gillenwater, Jeffersonville, Indiana, Attorney for Appellees.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

T.W. Thom Construction, Inc. ("Thom") appeals from a summary judgment in favor of Hyun Lee ("Lee"). Thom and Lee own adjoining parcels of real property in the City of Jeffersonville ("City"). This action involves a dispute over Lee's construction of a mobile home park. In entering summary judgment for Lee, the trial court concluded that the City's zoning ordinances allow construction of a mobile home park on Lee's property once the Indiana State Department of Health ("ISDH") has approved the project. The court directed the entry of judgment for Lee under Indiana Trial Rule 54(B).[1] The issue presented for our review is whether the City's zoning ordinances authorize a mobile home park in a general business zone.[2]

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

Thom is constructing a residential subdivision. Lee is building a 42-lot mobile home park adjacent to Thom's development. In June of 1996, ISDH issued a construction permit for the park. No local zoning approval was required, although the

---

1. The City of Jeffersonville did not file a motion for summary judgment and did not participate in this appeal, but all parties of record in the trial court are parties on appeal. *See* Ind. Appellate Rule 2(B). At the summary judgment hearing, the City supported Lee's motion. Thom acknowledged at oral argument that its complaint against Lee is grounded in the City's interpretation of its own ordinances.

2. The City of Jeffersonville Zoning Code was adopted in 1960 and amended in 1991. In addition, the City enacted a Manufactured Housing Ordinance in 1984. That ordinance defines and regulates the placement of manufactured housing units and mobile homes in the City. Section 154.06, which contains a Schedule of Uses, prohibits mobile homes in a general business zone. The ordinance does not specify the zoning districts where mobile home parks may be located.

City's Board of Public Works and Safety granted Lee's request for a sanitary sewer tap as specified in the ISDH permit. Shortly after Lee began construction, Thom filed an action in the Clark Circuit Court for a preliminary injunction and declaratory judgment to prohibit Lee from proceeding with this development. In its complaint, Thom alleged that Lee had failed to comply with local zoning regulations before starting construction. In response, Lee moved for summary judgment claiming that only ISDH approval was required. The trial court granted summary judgment in favor of Lee. Thom now appeals.[3]

## DISCUSSION AND DECISION

### I. Exhaustion Of Administrative Remedies

In deciding this matter, we must first determine whether Thom failed to exhaust its administrative remedies before filing an action to prohibit Lee from constructing a mobile home park. For the first time on appeal, Lee contends that this court is without jurisdiction to grant any relief requested by Thom because Thom failed to exhaust the remedies under Section 156.107(A) of the Zoning Code which provides that "any decision by the Building Commissioner in the enforcement of the Building Code may be appealed to the Board of Zoning Appeals by any person claiming to be adversely affected by such decision." Generally speaking, if an administrative remedy is available, it must be pursued before the claimant is allowed access to the courts. *Spencer v. State*, 520 N.E.2d 106, 108 (Ind.Ct.App.1988), *trans. denied.* A party's failure to exhaust administrative remedies deprives the trial court of subject matter jurisdiction. *Greenbrier Hills, Inc. v. Boes*, 473 N.E.2d 1040, 1042 (Ind.Ct.App.1985). Unlike jurisdiction of a particular case, subject matter jurisdiction cannot be waived. *Schafer*

*v. Sellersburg Town Council*, 714 N.E.2d 212, 215 (Ind.Ct.App.1999), *trans. denied.*

In *Area Plan Comm'n of Evansville v. Major*, 720 N.E.2d 391, 1999 WL 1075967 (Ind.Ct.App. Nov.30, 1999), we held that Major, a landowner, had failed to exhaust available administrative remedies when he did not appeal the revocation of his improvement location permit by the Area Plan Commission to the Board of Zoning Appeals. There, the trial court concluded that Major was not required to exhaust his administrative remedies as a condition precedent to bringing suit since there was no remedy available. *Id.* at *2. On appeal, however, we determined that the revocation of Major's permit was an order or decision of an administrative official under the zoning ordinance. *Id.* at *5. Thus, it was appealable to the Board of Zoning Appeals under Indiana Code Section 36–7–4–918.1 which provides that a board of zoning appeals shall hear and determine appeals from "any order, requirement, decision, or determination made by an administrative official, hearing officer or staff member under the zoning ordinance." *Id.* at *6.

Here, the exhaustion doctrine does not apply because there was no administrative decision from which Thom could have appealed. In *Major*, the executive director of the Area Plan Commission issued a letter informing Major that his improvement location permit had been revoked, but in this case the Building Commissioner took no action to approve Lee's mobile home park. The City merely referred Lee's application to ISDH for its approval. Neither was any notice given that the City had approved Lee's sanitary sewer tap. At the hearing on the motion for summary judgment, counsel for the City stated that Thom was not entitled to any notification. There was no local zoning action taken and, hence, no administrative remedy

---

3. We held oral argument on December 3, 1999, at the Indiana University School of Law in Bloomington.

available to an aggrieved person at the local level. Thus, Thom's suit is not barred by its failure to exhaust the administrative remedies set forth in the Zoning Code.

## II. Authority to Build a Mobile Home Park

We now turn to the central issue of whether, under the City's zoning ordinances, a developer who has obtained ISDH approval of its "Plans and Specifications for Sanitary Features" may build a mobile home park in a general business zone without local zoning approval. In challenging the trial court's grant of summary judgment for Lee, Thom points out that the Zoning Code states that no land may be used for any purpose other than a use which is "permitted and specified" in the district in which such land is located. Neither the Zoning Code nor the Manufactured Housing Ordinance specifically allows a mobile home park in any zoning district. Thus, Thom contends that mobile home parks may not be constructed anywhere in the City. Lee counters that because the ordinances do not state where mobile home parks can be located, mobile home parks can be located in any zoning district once ISDH approval has been obtained.

### Standard of Review

When reviewing a grant of summary judgment, we use the same standard as applied by the trial court. *Trotter v. Nelson*, 684 N.E.2d 1150, 1152 (Ind.1997). However, a trial court's decision on a motion for summary judgment enters the process of appellate review clothed with a presumption of validity. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind. 1992). The party appealing the grant of summary judgment must persuade the appellate court that error occurred. *Id.*

Summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Trotter*, 684 N.E.2d at 1152. In making our determination, we consider the evidence designated by the parties in a light most favorable to the non-moving party. *Id.* Any doubt about a fact or inference is resolved in favor of the non-moving party. *Id.* Where a trial court enters specific findings of fact and conclusions of law on a motion for summary judgment, we are not bound by them. *Rice v. Strunk*, 670 N.E.2d 1280, 1282 (Ind.1996). They merely aid our review by providing us with a statement of reasons for the trial court's actions. *Id.* Hence, we are not limited to reviewing the trial court's reasons for granting summary judgment, but may affirm a grant of summary judgment if it is sustainable on any theory or basis found in the record. *Stephenson*, 596 N.E.2d at 1371.

### Interpretation of the Ordinances

In its summary judgment, the trial court concluded that the Zoning Code "allows construction of a mobile home park on property located within areas zoned B-3 (General Business) once approval for the mobile home park is obtained from the Indiana State Department of Health." In reaching that conclusion, the trial court made the following findings of fact:

1. That the Lee property is located in an area zoned in a B-3 (General Business) district as defined by the City's Zoning Code, which has been duly adopted and amended by the ordinance;

2. That a classification of R-1 (Single Family Residential) is the most restrictive use permitted by the City's Zoning Ordinance;

3. That pursuant to the Zoning Code, single family dwellings are a permitted use in zoning classification R-1;

4. That a mobile home, as defined by the Zoning Code, is a single family dwelling which must be located in a mobile home park;

5. That pursuant to the Zoning Code, any use permitted in areas zoned R-1 or R-2 (Multi-Family Residential), except multi-family dwellings, are permitted in an area zoned B-1 (Local Business);

6. That the Zoning Code allows any use permitted in a B–1 zoning district to operate in an area zoned B–2 (Service Business);

7. That the Zoning Code allows any use permitted in areas zoned B–2 to operate in an area located in an area zoned B–3.

Thom argues that the trial court's conclusion is erroneous because the Zoning Code clearly requires that any use be expressly authorized in a district where the land is located, and neither the Code nor the Manufactured Housing Ordinance enumerates mobile home parks in any zoning district. We agree. Here, the trial court reasoned, in effect, that a mobile home park is permitted in an area zoned general business because a mobile home is a single family dwelling which is allowed in a business zone. We follow the court's reasoning but cannot agree with its conclusion. As the court found, and as we discuss below, mobile homes are only permitted in mobile home parks. Thus, the critical question is not where a mobile home can be located but where a mobile home park can be located.

■■■ The interpretation of an ordinance is a question of law to which this court owes the trial court's holding no deference. *Union Township Sch. Corp. v. Joyce,* 706 N.E.2d 183, 190 (Ind.Ct.App. 1998), *trans. denied.* When asked to interpret an ordinance, this court will apply the same principles as those employed for the construction of statutes. *Boyle v. Kosciusko County,* 565 N.E.2d 1157, 1159 (Ind.Ct. App.1991). The cardinal rule of statutory construction is to ascertain the intent of the drafter by giving effect to the ordinary and plain meaning of the language used. *Bryant v. Indiana State Dep't of Health,* 695 N.E.2d 975, 978 (Ind.Ct.App.1998). Thus, we are not at liberty to construe a statute that is unambiguous. *Hinshaw v. Board of Comm'rs of Jay County,* 611 N.E.2d 637, 638 (Ind.1993). Where possible, every word must be given effect and meaning, and no part is to be held mean-

ingless if it can be reconciled with the rest of the statute. *ModuForm, Inc. v. Harry H. Verkler Contractor, Inc.,* 681 N.E.2d 243, 248 (Ind.Ct.App.1997), *trans. denied.*

■■■ In this case, there is no ambiguity. The primary land use provision in the Zoning Code states:

No ... land shall be used ... for any purpose other than a use which is permitted and specified in a district in which such ... land is located.

City of Jeffersonville Zoning Code § 156.05. The Code cannot be applied lawfully without enforcing this provision. While Lee concedes that both the Zoning Code and the Manufacturing Housing Ordinance are silent as to where a mobile home park can be located, he nevertheless contends that any use not specified in a particular zoning district is permitted in that district. That interpretation is contrary to the mandate of the Code that authorized uses must be enumerated.

In looking to the plain and ordinary meaning of the terms "permitted" and "specified," we note that Black's Law Dictionary defines the term "permitted" as "to expressly assent or agree to the doing of an act," and the word "specified" as "to mention specifically; to state in full and explicit terms." Black's Law Dictionary 1141, 1398 (6th ed.1990) (citing *Aleksich v. Industrial Accident Fund,* 116 Mont. 127, 151 P.2d 1016, 1021 (Mont.1944)). Similarly, the American Heritage Dictionary defines permitted as "to authorize," and specified as "to state explicitly or in detail." American Heritage Dictionary 1349, 1730 (3rd ed.1996).

Applying these definitions, it is readily apparent that neither the Zoning Code nor the Manufactured Housing Ordinance permits and specifies mobile home parks as a land use in any zoning district. The Zoning Code provides that "mobile homes may be located only in a duly licensed mobile home park." Zoning Code § 156.34(h). The Manufactured Housing Ordinance also provides that mobile homes are permitted

only in mobile home parks and lists mobile home parks as a separate use in its Schedule of Uses. MANUFACTURED HOUSING ORDINANCE § 154.06. · It is clear from both ordinances that mobile home parks are not just another residential use but a distinct category of use unlike any other. While the ordinances refer at various points to mobile home parks, they do not permit and specify that mobile home parks can be located within any particular zoning district, as required by Section 156.05 of the Zoning Code.

 Our interpretation is consistent with the well-settled rule that when a zoning ordinance permits specified uses in specific zoning districts, all other uses in those districts are forbidden absent a special use permit or variance. *See Area Plan Comm'n of Evansville and Vanderburgh County v. Wilson,* 701 N.E.2d 856, 862 (Ind.Ct.App.1998), *trans. denied, cert. denied,* —— U.S.——, 120 S.Ct. 527, 145 L.Ed.2d 408 (1999); *Day v. Ryan,* 560 N.E.2d 77, 82 (Ind.Ct.App.1990). These and other cases manifest the long-standing principle of statutory construction expressed in the Latin phrase *expressio unius est exclusio alterius,* which means that the enumeration of certain things in a statute necessarily implies the exclusion of all others. *See Brandmaier v. Metropolitan Dev. Comm'n of Marion County,* 714 N.E.2d 179, 180 (Ind.Ct.App.1999) (where ordinance specifically lists use in one category but not another, use will be assumed permitted only in category where mentioned), *trans. denied.*

In *Day,* we considered this issue in a declaratory judgment action alleging that use of the property in question as a stockyard violated the Monroe County Zoning Ordinance. *Day,* 560 N.E.2d at 79. There, the zoning ordinance made no provision for a stockyard although it provided for feedlots and livestock sale barns as special exceptions in agricultural zones.[4] The landowners argued that this failure to mention stockyards implied that a stockyard was a permitted use because it contains livestock. *Id.* at 82.

We rejected that argument, however, because the ordinance itself stated that *"except as provided,* no building or premises shall be used for any purpose other than that permitted in the zoning district in which the building or premises is located." *Id.* We reasoned that when an ordinance specifies certain items, items not designated are excluded by implication. *Id.* Likewise, in the present case, the Zoning Code enumerates a list of permitted uses and special exceptions in each zoning district but does not include mobile home parks as a permitted use or special exception in any district. Moreover, while the ordinance in *Day* excluded uses not permitted, here the Zoning Code excludes uses that are not both permitted *and* specified.

 Still, Lee contends that this interpretation of the ordinances is contrary to the well-established rule that zoning ordinances are to be construed in favor of the free use of land. We agree that, as a general rule, zoning ordinances limit the free use of property, are in derogation of the common law and must be strictly construed. *See Saurer v. Board of Zoning Appeals,* 629 N.E.2d 893, 897 (Ind.Ct.App. 1994). But this rule cannot override the specific language of an otherwise valid and unambiguous ordinance. Here, on the dispositive land use issue, the plain meaning of the City's ordinances is clear, and the general rule of strict construction does not affect that meaning.

 Further, we are required to interpret the ordinances in such a manner as to prevent absurdity. *See Foster v. Evergreen Healthcare,* 716 N.E.2d 19, 25 (Ind.

---

4. The circumstances in *Day* are remarkably similar to those in the instant case. Just as in this case, in *Day* a state agency had issued a license subject to local zoning approval. There, the State Board of Animal Health had issued a livestock dealer's license for a stockyard, but the local zoning ordinance excluded stockyards from agricultural zones.

Ct.App.1999). Lee not only maintains that the Zoning Code and Manufactured Housing Ordinance are silent as to where a mobile home park can be located but asserts that a mobile home park is permitted in *any* zoning district. That interpretation of the ordinances would yield an absurd, arbitrary and capricious result as it would mean that an unauthorized use is permitted.

■ Lee also contends that the City does not regulate mobile home parks because numerous state statutes and rules that either regulate mobile home parks directly or through ISDH are so stringent that "the City's zoning restrictions would be superfluous/or irrelevant." We cannot agree. The statutes and rules cited by Lee do not concern mobile home park zoning. While ISDH approval includes the location and/or configuration of lots as shown on the approved plans, the agency reviews plans and specifications for sanitary features, not land use. ISDH does not address whether the site of the proposed mobile home park is properly zoned or compatible with surrounding land uses and development. The letter from ISDH approving the sanitary features for Lee's development stated that the agency's approval was conditional and subject to "all necessary local permits and approvals" before construction was begun. In planning and zoning matters, ISDH relies on the City. But it has been the City's de facto custom and practice to defer to ISDH and accept an ISDH permit in lieu of any local zoning approval. As a result, by default, neither ISDH nor the City addresses the mobile home park land use issue.

### Administration of the Ordinances

Having determined that mobile home parks are not a permitted and specified use in any zoning district, we turn to Thom's contentions that Lee was required to seek local approval for construction of the mobile home park. Thom first argues that Lee was required to obtain a special exception permit. Section 156.03 of the Zoning Code provides that the Board of Zoning Appeals shall hear and decide "only such special exceptions as the Board is specifically authorized to act on by the terms of the ordinance." The 1960 Zoning Code listed a mobile home park as a special exception, but the 1991 Zoning Code does not specify a mobile home park as a special exception in any zoning district. Thus, the Code does not authorize the Board of Zoning Appeals to consider a special exception permit for a mobile home park.

In the alternative, Thom maintains that Lee was required to obtain written approval for his development from the Area Plan Commission under the subdivision control statutes. *See* IND.CODE § 36–7–4–700 *et seq.* Specifically, he contends: (1) Indiana law requires a person seeking the approval of a subdivision plat to submit a written application for approval in accordance with the local zoning ordinance, (2) within thirty days, the Plan Commission is required to have a public hearing regarding the application, and (3) in granting or denying the application, the Plan Commission must issue its decision and findings in writing. Section 156.01 of the Zoning Code defines "subdivision" as the "division of a parcel of land into lots, parcels, units, or interests." *See also* IND.CODE § 36–7–1–19. But the Manufactured Housing Ordinance defines a mobile home park as *a parcel of land on which two or more mobile homes are occupied as residences.* MANUFACTURED HOUSING ORDINANCE § 154.02 (emphasis added). At oral argument, counsel for Lee confirmed that Lee will retain title to the property and lease unplatted lots to residents of the mobile home park. Because the land will not be subdivided and platted, neither the subdivision control statutes nor the City's subdivision ordinance applies.

Finally, Thom contends that Lee was required to obtain approval from the Plan Commission for his mobile home park under the procedure established for planned unit developments. *See* ZONING CODE §§ 156.65–156.91. A planned unit develop-

ment ("PUD") is a development option which enables an owner to negotiate with the City regarding the manner in which a particular tract of land will be developed. In a PUD, the actual land use and specific development features such as lot area, lot width, setbacks, open space and density are controlled by an outline plan followed by a detailed development plan, rather than entirely by the Zoning Code. PUD zoning amends the zoning map for a designated area after notice and public hearings before the Plan Commission and City Council.

We express no opinion whether, in the final analysis, a planned unit development is a viable planning alternative for this mobile home park, although a PUD appears to be the only plausible zoning option under the ordinances as now written. In the alternative, the City could amend the Zoning Code to state that mobile home parks may be placed in any zoning district anywhere within the City once ISDH has approved the plans and specifications for sanitary features. Or the City could amend the Code to provide that mobile home parks may be constructed only in certain specified zoning districts. Finally, the City could amend the Code to provide that, just as under the 1960 version, mobile home parks may be located in specified districts only as a special exception.

■ Whatever course the City takes, the operation and effect of its zoning ordinances must be clear from reading the text. It is well-settled that zoning ordinances must be precise, definite and certain in expression so as to enable both the landowner and municipality to act with assurance and authority regarding local land use decisions. *Yater v. Hancock County Planning Comm'n*, 614 N.E.2d 568, 572 (Ind.Ct.App.1993), *trans. denied*, *cert. denied*, 511 U.S. 1019, 114 S.Ct. 1401, 128 L.Ed.2d 73 (1994). This requirement is dictated by due process considerations in that the ordinance must provide fair warning as to what the governing body will consider in making a decision. *Id.* at 573.

■ Under our Home Rule statute, a municipality may elect not to exercise its power over local land use decisions. *See* IND.CODE § 36-1-3-5. But the City cannot, by an unwritten policy, custom and practice, relinquish its zoning authority over mobile home parks in violation of its own ordinance. A zoning ordinance cannot be administered ad hoc, or without authority, but must be administered according to its terms.

## CONCLUSION

Thom's action is properly before this court in that there was no local zoning decision and, hence, no administrative remedy available. Under the plain meaning of the City's zoning ordinances, Lee cannot construct a mobile home park in an area zoned general business. The Zoning Code excludes all uses except those which are both permitted and specified. Lee's theory that any use not enumerated may be located in any zoning district would turn the Code upside down. Such an interpretation would, for all intents and purposes, eviscerate the City's land use planning policy as manifested throughout the Code. Lee is not entitled to summary judgment.

Reversed and remanded.

BAKER, J., and BAILEY, J., concur.