Steven SIWINSKI and Lauren Siwinski, Appellants–Defendants,

v.

TOWN OF OGDEN DUNES, Appellee–Plaintiff.

No. 64A03–0909–CV–429.

Court of Appeals of Indiana.

March 16, 2010.

See also, 2008 WL 1804104.

Nelson D. Alexander, Carl W. Butler, Maggie L. Smith, Frost Brown Todd LLC, Indianapolis, IN, for Appellants.

L. Charles Lukmann, III, Charles F.G. Parkinson, Harris Welsh & Lukmann, Chesterton, IN, for Appellee.

## OPINION

KIRSCH, Judge.

Steven and Lauren Siwinski ("the Siwinskis") appeal the trial court's grant of summary judgment in favor of the Town of Ogden Dunes ("the Town") and the denial of their motion for summary judgment. They raise several issues on appeal, of which we find the following dispositive: whether the trial court erred in granting summary judgment in favor of the Town when it found that the Siwinskis' occasional short-term rental of their house constituted a commercial use and not a residential use.

We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

The Town is a municipal corporation located in Porter County, Indiana. The Siwinskis own real property and a lakefront house that are within the municipal limits and subject to the Town's zoning ordinance ("the Ordinance"). According to the Ordinance, the Siwinskis' property is located in an area zoned as "R–Residential District" ("R District"). The house is designed as a residence for one family.

The Ordinance created several zoning districts within the Town's municipal limits, including the R District where the Siwinskis' house is located. The Ordinance states that the intent in creating the R District was "to provide for a stable environment for dwelling uses." *Appellants' App.* at 41. The Ordinance lists the following uses, which are permitted within the R District: (1) single-family dwelling; (2) accessory buildings or uses; (3) public utility buildings; (4) semi-public uses; (5) essential services; and (6) special exception uses permitted by this zoning code. *Id.* "Dwelling, single-family" is defined as "[a] separate detached building designed for and occupied exclusively as a residence by one family." *Id.* at 40. The Ordinance only allows the enumerated uses within the R District, and commercial uses are not included in the list. "Commercial or business" is defined as "[a]ny activity conducted for profit or gain." *Id.* at 39, 41.

Because the Siwinskis do not live at the property full time, they occasionally rent the house to other families. They advertised their house for rent on an internet site called "Vacation Rentals By Owner." Although the duration of the leases varied, on five separate occasions in 2007, the Siwinskis rented their house for periods of fewer than thirty days. On each occasion, the Siwinskis entered into a written agreement with the renters, which contained rules for the "guests" and discussed check-in/out times, payment, damage deposits, cancellations, and rate changes, among other things.

In April 2007, the Town sent letters to certain property owners advising them that there was a basis to believe that the property owners were renting their homes for periods less than thirty days and that the Town considered such activity to be in derogation of the R District, in which their property was located. The letters also

stated that such activity was subject to Indiana sales tax laws and that the Town considered such activity to be commercial activity in violation of the R District and the Ordinance. The letters requested that any short-term rental activity immediately cease or be subject to enforcement action. The Siwinskis received their letter on April 27, 2007.

On August 30, 2007, the Town filed a complaint against the Siwinskis, alleging that they violated the Ordinance by renting their house for periods of fewer than thirty days, which constituted a commercial use. The complaint sought a permanent injunction and monetary fines of up to $2,500 each day a violation occurred. The parties each filed a motion for summary judgment, and argument was held on these motions. On June 17, 2009, the trial court issued an order granting the Town's motion and denying the Siwinskis' motion. In its order, the trial court concluded that the Siwinskis were in violation of the Ordinance because the short-term rental of their house was a commercial use and not residential activity. It found that the Town was entitled to injunctive relief and to a monetary fine in the amount of $40,000. The Siwinskis now appeal.

## DISCUSSION AND DECISION

When reviewing a grant or denial of summary judgment, we apply the same standard as the trial court: summary judgment is only appropriate when the designated evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Stowers v. Clinton Cent. Sch. Corp.*, 855 N.E.2d 739, 745 (Ind.Ct.App.2006), *trans. denied* (2007). Our standard of review is not altered by cross-motions for summary judgment. *Bd. of Comm'rs of Hendricks County v. Town of Plainfield*, 909 N.E.2d

480, 486 (Ind.Ct.App.2009). We may not look beyond the evidence that the parties specifically designated and must accept as true the facts alleged by the non-moving party. *Hill v. Bolinger*, 881 N.E.2d 92, 94 (Ind.Ct.App.2008), *trans. denied.* We construe all evidence in favor of the non-moving party and resolve all doubts against the moving party. *Allen v. City of Hammond*, 879 N.E.2d 644, 646 (Ind.Ct.App.2008), *trans. denied.*

Where, as here, the pertinent facts are not in dispute and the interpretation of an ordinance is at issue, the appeal presents a pure issue of law. *Town of Plainfield*, 909 N.E.2d at 485; *T.W. Thom Constr., Inc. v. City of Jeffersonville*, 721 N.E.2d 319, 324 (Ind.Ct.App.1999). When the issue presented is a pure question of law, we review the matter de novo. *Town of Plainfield*, 909 N.E.2d at 485. The party appealing the grant of summary judgment has the burden of persuading this court on appeal that the trial court's ruling was improper. *Id.*

The Siwinskis argue that the trial court erred when it granted summary judgment in favor of the Town and when it denied their motion for summary judgment. They specifically contend that it was error for the trial court to find that the occasional short-term rental of their house was a commercial use not permitted in the R District and not a residential use. This is because the Ordinance does not explicitly prohibit the short-term rental of property, and the Siwinskis claim that the house was being used for residential purposes by the renters and not commercial activity because the renters used the house for typical activities associated with a residence such as eating and sleeping.

 As previously stated, the interpretation of a zoning ordinance is a question of law. *Cracker Barrel Old Country Store, Inc. v. Town of Plainfield ex rel.*

*Plainfield Plan Comm'n,* 848 N.E.2d 285, 290 (Ind.Ct.App.2006), *trans. denied.* Ordinary rules of statutory construction apply in interpreting the language of a zoning ordinance. *Id.* An ordinance is to be interpreted as a whole, and we will give words their plain, ordinary, and usual meaning. *Id.* "Because zoning ordinances limit the free use of property, they are in derogation of the common law and must be strictly construed." *Id.* "[O]ur courts interpret an ordinance to favor the free use of land and will not extend restrictions by implication." *Id.* Therefore, when a zoning ordinance is ambiguous, it should be construed in favor of the property owner. *Id.*

■■■ When a zoning ordinance specifies which uses are permitted, those uses not specified are not permitted without a special exception or variance. *T.W. Thom Constr.,* 721 N.E.2d at 325. This construction is based upon the canon of *expressio unius est exclusio alterius,* which directs that when a statute or ordinance enumerates certain things, the necessary implication is that all other things are excluded. *Id.* Here, under the Ordinance the only permitted uses in the R District are: (1) single-family dwellings; (2) accessory buildings or uses; (3) public utility buildings; (4) semi-public uses; (5) essential services; and (6) special exception uses permitted by this zoning code. *Appellants' App.* at 41. Therefore, as the Ordinance does not specify that commercial uses are permitted, such uses are prohibited in the R District where the Siwinskis' house is located.

■■ During 2007, the Siwinskis rented their house to other families for periods of less than thirty days on five separate occasions. In granting summary judgment to the Town, the trial court found that this short-term rental of their house constituted a commercial use and could not be considered use as a single-family dwelling.

Under the Ordinance, "commercial" is defined as "[a]ny activity conducted for profit or gain" and "dwelling, single-family" is defined as "[a] separate detached building designed for and occupied exclusively as a residence by one family." *Id.* at 39, 40. The trial court found that the R District was not meant for transient guests and that the renters' occupation of the Siwinskis' house was not a residential use because they did not intend to return to reside in the house. *Id.* at 12–13.

In *Applegate v. Colucci,* 908 N.E.2d 1214 (Ind.Ct.App.2009), *trans. denied* (2010), this court analyzed whether a restrictive covenant, which specified that the parcels were to be used for residential purposes only and prohibited commercial business while specifically not preventing the leasing or renting for residential use, prohibited a property owner from the short-term rental of his cabins. Citing long-standing precedent, we concluded that a "residential purpose" is "one in which people reside or dwell, or in which they make their homes." *Id.* at 1220 (citing *Stewart v. Jackson,* 635 N.E.2d 186, 192 (Ind.Ct.App.1994), *trans. denied* ). Because the renters of the cabins used the structures "for eating, sleeping, and other typical activities associated with a residence or dwelling place," we found that the cabins were being used for residential purposes despite the renters' occupation of the cabins only being on a temporary basis. *Id.* This court further found it "instructive that the covenants [did] not by express terms prohibit the short-term rental of the lots in the neighborhood. The covenants at issue [did] not contain any direct and definite prohibition against Colucci's nightly or weekly rental of its property." *Id.* We therefore concluded that, in light of the ambiguity in the language contained in the covenants and the activities in which the renters engaged while using the cabins, the defendants'

short-term rentals did not "run afoul of the covenants." *Id.*

In the present case, the Ordinance does not expressly prohibit short-term rentals, but merely restricts the use of property in an R District to that of a single-family dwelling, which is defined as being "occupied exclusively as a residence by one family." *Appellants' App.* at 40. Previous Indiana cases that have analyzed the language of restrictions on land use regarding residential uses have determined that such language was concerned with the physical activity conducted upon the property and not the profit-making intentions of the homeowners. *Applegate,* 908 N.E.2d at 1219; *Lewis–Levett v. Day,* 875 N.E.2d 293, 296 (Ind.Ct.App.2008), *trans. denied; Stewart,* 635 N.E.2d at 192. As in Applegate, the renters of the Siwinskis' property used the house for eating, sleeping, and other activities typically associated with a residence or dwelling place. Nothing in the designated evidence established that any commerce or other activities not associated with a residence were ever conducted on the Siwinskis' property. Nor did the evidence show that, at any time, the property was occupied by more than a single family simultaneously. Under the trial court's overly broad construction of the Ordinance, the Siwinskis would be prohibited from, and subject to substantial fines for, such things as having weekend guests or allowing family members to use the property while they were away as the property would then not be occupied exclusively as a residence by one family. We conclude that it was error to find that the Siwinskis' occasional short-term rental of their property was a commercial and not a residential use. The trial court erred when it granted summary judgment in favor of the Town and denied the Siwinskis' motion for summary judgment. We reverse the summary judgment entry in favor of the Town and the trial court's in-

junction and fine and remand to the trial court with instructions that summary judgment should be entered in favor of the Siwinskis.

Reversed and remanded with instructions.

DARDEN, J., and MAY, J., concur.