RUCKER, Justice,
concurring in result.
I agree that the trial court’s grant of summary judgment should be affirmed. However, I do so for reasons slightly different from those of the majority.
Throughout this litigation the focus of Ogden Dunes’ contention was that the Si-winskis were renting their property for less than thirty days and that this was in derogation of the ordinance governing the Residential District in which their property was located. Ogden Dunes’ complaint focused on this contention, see App. at 34, as did its motion for summary judgment, see App. at 85. Indeed the heading on the discussion section of the trial court’s order granting Ogden Dunes’ motion for summary judgment reads “The Town of Ogden Dunes is entitled to summary judgment because short-term rentals are not permitted use for property in the residential district under the Town ordinance.” App. at 12.
*833 In essence, from the vantage point of both parties, at issue in this case was whether short-term leases were prohibited under the Residential District classification of the ordinance. As the Court of Appeals pointed out, “the Ordinance does not expressly prohibit short-term rentals, but merely restricts the use of property in an R [Residential] District to that of a single-family dwelling....” Siwinski v. Town of Ogden Dunes, 922 N.E.2d 751, 755 (Ind.Ct.App.2010). I agree with the Court of Appeals. Thus, in my view the trial court’s grant of summary judgment cannot be sustained on these grounds. I would also note that if it so chooses Ogden Dunes can amend its Ordinance to prohibit specifically short-term leases in a residential district.
Nonetheless, “a reviewing court can affirm a trial court’s grant of summary judgment on any theory the Trial Rule 56 materials support.” Estate of Mintz v. Conn. Gen. Life Ins. Co., 905 N.E.2d 994, 999 (Ind.2009). In this case the evidence before the trial court demonstrates that by renting their home the Siwinskis were engaged in an “activity conducted for profit or gain.” App. at 39. But this activity is permitted only in the Commercial District of Ogden Dunes, not the Residential District in which the Siwinskis’ property was located. The Siwinskis were thus in violation of the Ordinance. On this ground I would affirm the trial court’s grant of summary judgment. Therefore, on this point I concur in result with the majority opinion. In all other respects I fully concur.