**THE KROGER CO. and Kroger Limited Partnership I, Appellants/Petitioners,**

v.

**PLAN COMMISSION OF the TOWN OF PLAINFIELD, Indiana, Appellee/Respondent.**

No. 32A04–1012–MI–751.

Court of Appeals of Indiana.

Aug. 18, 2011.

---

Michael P. Maxwell Jr., Clark Quinn Moses Scott & Grahn LLP, Indianapolis, IN, Attorney for Appellants.

Melvin R. Daniel, James B. Chapman II, Benesch, Friedlander, Coplan & Aronoff LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellants–Petitioners The Kroger Company and Kroger Limited Partnership I (collectively "Kroger") appeal the trial court's order granting summary judgment in favor of Appellee–Respondent Plan Commission of the Town of Plainfield ("Plan Commission"). Concluding that the Town of Plainfield Zoning Ordinance ("Plainfield Zoning Ordinance") meets the specificity requirement of the Zoning Enabling Act but that the Plan Commission's findings are not sufficient to support the denial of Kroger's Plan Approval Petition ("Petition"), we reverse and remand to the trial court for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Kroger owns and operates a retail store located at 1930 East Main Street, Plainfield, Indiana ("the Property"), which is located at the intersection of State Road 267 and U.S. 40. On October 29, 2009, Kroger submitted a Petition, which was designated DP–09–013, seeking approval of its development plan to construct a fuel center on the western edge of its Property. On December 7, 2009, staff from the Plainfield Department of Zoning and Planning prepared and submitted a report ("the Staff Report") to the Plan Commission regarding Kroger's Petition. The same day, the Plan Commission conducted a public hearing on Kroger's Petition, and Kroger was allowed to present all material it deemed necessary in support of its Petition. At the conclusion of the hearing, the Plan Commission voted to deny Kroger's Petition.

On December 31, 2009, the Plan Commission issued its Negative Findings of Fact stating the reasons for its denial of Kroger's Petition. Therein, the Plan Commission found: (1) the proposed development is not appropriate to the site and its surroundings; (2) the proposed development is not consistent with the intent and purpose of the Plainfield Zoning Ordinance; and (3) the proposed development would create a public safety hazard.

On January 5, 2010, Kroger filed its Verified Petition for Writ of Certiorari and Judicial Review, Declaratory Judgment,

and Writ of Mandate with the trial court. The Plan Commission filed its Return to Writ on or about March 29, 2010. On July 13, 2010, Kroger filed a motion for summary judgment, and on August 25, 2010, the Plan Commission filed its cross-motion for summary judgment. The trial court held a hearing on Kroger's and the Plan Commission's respective motions for summary judgment on November 9, 2010. Thereafter, on November 24, 2010, the trial court issued an order granting the Plan Commission's motion for summary judgment and denying Kroger's motion for summary judgment. This appeal follows.

## DISCUSSION AND DECISION

### I. Standard of Review

■■■ Initially, we note that although the parties have styled their motions as cross-motions for summary judgment, the motions are more appropriately classified as motions for judgment on the administrative record because this court, like the trial court below, sits as a reviewing court over the Plan Commission's denial of Kroger's Petition. When reviewing the decision of a plan commission, we are bound by the same standard of review as the trial court. *Hoosier Outdoor Adver. Corp. v. RBL Mgmt., Inc.,* 844 N.E.2d 157, 162 (Ind.Ct.App.2006), *trans. denied.* The scope of judicial review is established by Indiana Code section 4–21.5–5–14(d), which permits a court to set aside an agency action that is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence. Indiana Code section 4–21.5–5–14(a) further provides that the party asserting the invalidi-

ty of agency action bears the burden of proof.

On appeal, to the extent the trial court's factual findings were based on a paper record, this Court conducts its own de novo review of the record. *Cf. Houser v. State,* 678 N.E.2d 95, 98 (Ind. 1997) ("Because both the appellate and trial courts are reviewing the paper record submitted to the magistrate, there is no reason for appellate courts to defer to the trial court's finding that a substantial basis existed for issuing the warrant."). If the trial court holds an evidentiary hearing, this Court defers to the trial court to the extent its factual findings derive from the hearing. *GKN Co. v. Magness,* 744 N.E.2d 397, 401 (Ind.2001).

*Equicor Dev., Inc. v. Westfield–Washington Twp. Plan Comm'n,* 758 N.E.2d 34, 37 (Ind.2001).

### II. Whether the Plainfield Zoning Ordinance Satisfies the Specificity Requirements of the Zoning Enabling Act

■■■ Kroger contends that the Plan Commission's denial of its Petition is erroneous because the Plainfield Zoning Ordinance does not satisfy the specificity requirement of the Zoning Enabling Act.

An ordinance will not be construed so as to defeat its purpose " 'if it is sufficiently definite to be understood with reasonable certainty.' " [*Burrell v. Lake Cnty. Plan Comm'n,* 624 N.E.2d 526, 529 (Ind. Ct.App.1993), *trans. denied.*] We will interpret ordinances so as to uphold their validity whenever possible. *Id.* The purpose of requiring standards to be written with sufficient precision is to provide fair warning to the subdivider as to the factors the Commission will consider in making its decision. *Id.* Further, when construing the words and

phrases in a particular section, we construe them together with other words and phrases in that section, as well as with the ordinance as a whole. [*Id.*] at 530.

*Van Vactor Farms, Inc. v. Marshall Cnty. Plan Comm'n,* 793 N.E.2d 1136, 1143 (Ind. Ct.App.2003).

### 1. Zoning Enabling Act

The Zoning Enabling Act specifies the requirements by which a local government may designate zoning districts in their jurisdiction. It permits local legislative bodies to divide their jurisdiction into zoning districts and mandates property owners to submit a development plan before engaging in a project in the particular zoning district. *See* [Indiana Code] § 36–7–4–1401.5. To establish these zoning districts, the Zoning Enabling Act requires the legislative body—here, the [Plan Commission]—to enact a local ordinance that *"must specify"* the "[d]evelopment requirements that must be satisfied before the plan commission may approve a development plan." [Indiana Code] § 36–7–4–1402(b)(1) (emphasis added).

*Hendricks Cnty. Bd. of Comm'rs v. Rieth–Riley Const. Co.,* 868 N.E.2d 844, 849–50 (Ind.Ct.App.2007). The Zoning Enabling Act itself provides a non-exclusive enumeration of the type of development requirements that "must be specified under section 1402(b)(1)." Ind.Code § 36–7–4–1403(a). In general, this list permits the following development requirements:

(1) Compatibility of the development with surrounding land uses.

(2) Availability and coordination of water, sanitary sewers, storm water drainage, and other utilities.

(3) Management of traffic in a manner that creates conditions favorable to health, safety, convenience, and the harmonious development of the community.

(4) Building setback lines.

(5) Building coverage.

(6) Building separation.

(7) Vehicle and pedestrian circulation.

(8) Parking.

(9) Landscaping.

(10) Height, scale, materials, and style of improvements.

(11) Signage.

(12) Recreation space.

(13) Outdoor lighting.

(14) Other requirements considered appropriate by the legislative body.

Indiana Code section 36–7–4–1403(b) further provides that the development requirements specified under subsection (a)(3) concerning the management of traffic may ensure the following:

(1) That the design and location of proposed street and highway access points minimize safety hazards and congestion.

(2) That the capacity of adjacent streets and highways is sufficient to safely and efficiently accept traffic that will be generated by the new development.

(3) That the entrances, streets, and internal traffic circulation facilities in the development plan are compatible with existing and planned streets and adjacent developments.

Once the legislative body enacts an ordinance, detailing the development requirements for the different zoning districts, a plan commission is awarded the exclusive authority to determine whether a party's proposed development plan satisfies the development requirements for the particular zoning district. *See* Indiana Code § 36–7–4–1401.5(a) & (b). Elaborating on the powers and duties of the plan commission, the Zoning Enabling Act specifies that:

The plan commission shall review a development plan to determine if the development plan:

(1) is consistent with the comprehensive plan; and

(2) satisfies the development requirements specified in the zoning ordinance under sections 1402 and 1403 of this chapter.

Indiana Code § 36–7–4–1405.

### 2. Analysis

■■■■ It is well-settled that zoning ordinances must be precise, definite, and certain in expression so as to enable both the landowner and the municipality to act with assurance and authority regarding local land use decisions. *Rieth–Riley*, 868 N.E.2d at 852 (citing *T.W. Thom Const., Inc. v. City of Jeffersonville*, 721 N.E.2d 319, 327 (Ind.Ct.App.1999)). This requirement is dictated by due process considerations in that the ordinance must provide fair warning as to what the governing body will consider in making a decision. *Id.* Further,

[w]hile the County Commissioners are allowed to exercise discretion with regard to the development requirements when the Ordinance is created pursuant to section 1403(a) of the Zoning Enabling Act, these requirements must be sufficiently definite to be understood with reasonable certainty. *See Fulton County Advisory Plan Com'n v. Groninger*, 810 N.E.2d 704, 709 (Ind.2004), *reh'g denied.* As soon as the Ordinance is applied by the Area Plan Commissioners, all discretion ceases to exist as the Zoning Enabling Act provides in section 1405 that "[t]he plan commission shall review a development plan to determine if the development plan: . . . (2) satisfies the development requirements specified in the zoning ordinance under sections 1402 and 1403 of this chapter." (empha-

sis added). Thus, once the development requirements are specified in the Ordinance, the Area Plan Commission is not vested with discretion to construe them but must instead apply them as a ministerial act. *See Burrell* [*v. Lake Cnty. Plan Comm'n*, 624 N.E.2d 526, 532 (Ind. Ct.App.1993), *trans. denied* ].

*Id.* at 853.

In claiming that the Plainfield Zoning Ordinance does not satisfy the specificity requirement of the Zoning Enabling Act, Kroger relies on *Rieth–Riley*, in which we concluded that the Hendricks County Zoning Ordinance's provisions regarding development requirements did not do so. *Id.* at 853–54. In reaching this conclusion, the *Rieth–Riley* court reviewed the Hendricks County Zoning Ordinance, which stipulated in relevant part, that review of a development plan would consist of an evaluation of the plan's consistency with:

a. [ ] the intent and purpose of this Ordinance;

b. [w]hether the proposed development advances the general welfare of the community and the neighborhood; and

c. [w]hether the benefits, combination of various land uses, and the interrelationship with the land uses in the surrounding area justify the deviation from standard district regulations.

*Id.* at 852. Specifically, the court examined the specificity of the "general welfare" review criteria. *Id.* at 852–53. The court concluded that the ordinance lacked the necessary specificity as it gave the plan commission "unfettered power to deny development plans if it decides, by whim or otherwise, that the plan contravenes one of the factors listed in the Ordinance." *Id.* at 853. Thus, the court further concluded that the ordinance failed to provide landowners with "fair warning as to what the governing body will consider when formulating its decision." *Id.*

In order to determine whether the Plainfield Zoning Ordinance satisfies the specificity requirements of the Zoning Enabling Act, we must examine the specific language used therein. Article 1.3 of the Plainfield Zoning Ordinance provides that the purpose of the Plainfield Zoning Ordinance, which was adopted pursuant to Indiana Code chapter 36–7–4 is to:

A. promot[e] the public health, safety, comfort, morals, convenience, and general welfare;

B. guid[e] the future development of the Town of Plainfield;

C. secur[e] adequate light, air, convenience of Access, and safety from fire, flood, and other danger;

D. lessen[ ] or avoid[ ] congestion in public ways;

E. ensur[e] that the needs of agriculture, industry, and business be recognized in future growth;

F. ensur[e] that residential areas provide healthful surroundings for family life;

G. ensur[e] that growth be commensurate with and promotive of the efficient and economical use of public funds; and

H. otherwise accomplish[ ] the purposes of Indiana Code 36–7–4 et seq.

Appellant's App. p. 45.

The Plainfield Zoning Ordinance dictates that a party wishing to build in a commercial or industrial district that is located within 600 feet of a Gateway Corridor [1] or a residential district is required to submit development plans to and receive approval from the Plan Commission. The Plainfield Zoning Ordinance provides that the Plan Commission may approve a development plan upon finding that:

1. the Development Plan complies with all applicable Development Standards of the District in which the site is located;

2. the Development Plan complies with all applicable provisions of the Subdivision Control Ordinance for which a waiver has not been granted;

3. the Development Plan complies with all applicable provisions for Architectural and Site Design Review for which a waiver has not been granted;

4. the proposed development is appropriate to the site and its surroundings; and,

5. the proposed development is consistent with the intent and purpose of this Ordinance.

---

1. Gateway Corridors include all land areas lying within the corporate limits of the Town of Plainfield which are within six hundred feet of the greater of the Existing Right-of-Way or the Proposed Right-of-Way of any of the following Street segments:

1. S.R. 267 (Quaker Boulevard) from the south Right-of-Way of U.S. 40 to the southern corporate limits of the Town of Plainfield.

2. U.S. 40 from the eastern corporate limits of the Town of Plainfield to the western corporate limits of the Town of Plainfield.

3. I–70 from the eastern corporate limits of the Town of Plainfield to the western corporate limits of the Town of Plainfield.

4. Stafford Road from the eastern Right-of-Way of S.R. 267 (Quaker Boulevard) to the eastern corporate limits of the Town of Plainfield.

5. North–South Corridor from the northern corporate limits of the Town of Plainfield to the southern corporate limits of the Town of Plainfield.

6. Perimeter Parkway, entire length, as identified in the Thoroughfare Plan Segment of the Comprehensive Plan.

7. Metropolis Parkway from the eastern Right-of-Way of new S.R. 267 to the eastern corporate limits of the Town of Plainfield.

Appellant's App. p. 56.

Appellant's App. p. 68. Article 5.5 of the Plainfield Zoning Ordinance specifies development standards relating to site, landscape, lighting, and sign plans as well as building elevations.

Upon review, we conclude that unlike in *Rieth–Riley*, the Plainfield Zoning Ordinance provides the necessary specificity to provide landowners with fair warning as to what the governing body will consider when formulating its decision. The Plainfield Zoning Ordinance states that the Plan Commission may approve a development plan upon finding that the Development Plan complies with all applicable Development Standards, and sets forth specific development standards relating to site, landscape, lighting, and sign plans, as well as building elevations. The Plainfield Zoning Ordinance also specifically notifies petitioners that their development plan must comply with the applicable provisions of the Subdivision Control Ordinance and the Architectural and Site Design Review if waiver of these requirements has not been granted. The Plainfield Zoning Ordinance further states that the Plan Commission may approve a development plan upon finding that the proposed development is appropriate to the site and its surroundings.

Furthermore, like in *Rieth–Riley*, the Plainfield Zoning Ordinance also states that the Plan Commission may approve a development plan upon finding that the proposed development is consistent with the intent and purpose of the Ordinance. However, while in *Rieth–Riley*, the court notes that the Ordinance did not provide a detailed statement notifying petitioners of its intent and purpose, the Plainfield Zon-

ing Ordinance explicitly sets forth its intent and purpose in Article 1.3 of the Ordinance. We conclude that in the instant matter, unlike in *Rieth–Riley*, upon reading the Plainfield Zoning Ordinance as a whole, the enumerated standards within provide Kroger with detailed information regarding what development requirements and factors the Plan Commission will consider when formulating its decision about whether to allow the proposed development. Accordingly, we find this court's conclusion in *Rieth–Riley* distinguishable from the instant matter.[2]

### III. Whether the Plan Commission's Findings are Sufficient to Support its Denial of Kroger's Petition

 Kroger also contends that the Plan Commission's findings are not sufficient to support the denial of its Petition. Indiana Code section 36–7–4–1406(a) provides that "[a] plan commission shall make written findings concerning each decision to approve or disapprove a development plan." Written findings are necessary to insure adequate judicial review of administrative decisions. *Cundiff v. Schmitt Dev. Co.*, 649 N.E.2d 1063, 1068 (Ind.Ct.App. 1995). Each of the specific and concrete reasons for the denial should be stated in the findings and should not be raised in a piecemeal fashion so that the petitioner may attempt to amend its plan to comply with the ordinance. *Van Vactor Farms*, 793 N.E.2d at 1145. The findings are insufficient to support the commission's ultimate findings if they are merely a general replication of the requirements of the ordinance at issue. *See Town of Munster Bd. of Zoning Appeals v. Abrinko*, 905

---

**2.** To the extent that Kroger argues on appeal that the Plan Commission's denial of its petition violates constitutional due process requirements, we observe that Kroger's due process argument appears to relate directly to its claim that the Plainfield Zoning Ordinance

lacks the level of specificity required by the Zoning Enabling Act. However, having concluded that the Plainfield Zoning Ordinance does satisfy the specificity requirement of the Zoning Enabling Act, we conclude that Kroger's due process claim is without merit.

N.E.2d 488, 492 (Ind.Ct.App.2009) (providing that zoning board's written findings are not sufficient to insure adequate judicial review if they are merely a replication of requirements of the ordinance at issue).

In denying Kroger's Petition, the Plan Commission found: (1) the proposed development is not appropriate to the site and its surroundings; (2) the proposed development is not consistent with the intent and purpose of the Plainfield Zoning Ordinance, and (3) the proposed development would create a public safety hazard. (Appellant's App. 94) These findings are merely a general replication of a few of the considerations set forth in the Plainfield Zoning Ordinance. *See id.* The findings do not provide sufficient specificity to inform Kroger why its proposed development of a gas station was not appropriate to the site and its surroundings or consistent with the intent and purposes of the Plainfield Zoning Ordinance. Likewise, the findings do not inform Kroger how its proposed development would create a public safety hazard.

▪ In order to be sufficient, the findings must clearly explain why Kroger's proposed development of a gas station failed to meet the requirements of the Plainfield Zoning Ordinance. *See Van Vactor Farms,* 793 N.E.2d at 1145 (providing that findings should notify petitioner why the proposed development failed to comply with the ordinance so that petition may have the opportunity to amend its proposed development plans to comply with the ordinance). Here, the findings fail to do so. Accordingly, we conclude that the Plan Commission's findings are insufficient, as stated, to support its denial of Kroger's Petition.

Having concluded that the findings issued by the Plan Commission are insufficient, we reverse the trial court's order affirming the Plan Commission's denial of Kroger's Petition and remand the matter to the trial court for further proceedings. Upon remand, we instruct the trial court to remand the instant matter to the Plan Commission to allow the Plan Commission the opportunity to amend, if possible, the issued findings to provide sufficient specificity to explain how Kroger's Petition failed to meet the requirements of the Plainfield Zoning Ordinance so that Kroger may have the opportunity to attempt to amend its Petition to comply with the Ordinance. However, we note that the Plan Commission must refrain from issuing any additional unrelated findings. *See id.* (providing that a plan commission may not raise asserted defects in a piecemeal fashion). In addition, we remind the Plan Commission that approval of a petition that meets the requirements of the Plainfield Zoning Ordinance constitutes a ministerial as opposed to a discretionary act. *See id.* at 1148. Therefore, if the Plan Commission is unable to amend its findings to explain with specificity how Kroger's Petition failed to meet the requirements of the Plainfield Zoning Ordinance, the Plan Commission should grant Kroger's Petition.

The judgment of the trial court is reversed and remanded to the trial court for further proceedings consistent with this opinion.

BAKER, J., and MAY, J., concur.