## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 02 2016, 8:36 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
| --- | --- |
| Jeffrey J. Lorenzo | Rodney E. Farrow |
| Lorenzo & Bevers | Farrow & Thompson, P.C. |
| Seymour, Indiana | Seymour, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Thomas J. Fenton and Cheryl D. Fenton, | February 2, 2016 |
| *Appellants-Defendants,* | Court of Appeals Case No. 36A04-1503-OV-136 |
| v. | Appeal from the Jackson Superior Court |
| City of Seymour, Indiana, | The Honorable Bruce Markel, III, Judge |
| *Appellee-Plaintiff.* | Cause No. 36D01-1408-OV-35 & 36D01-1408-OV-36 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellants-Defendants, Thomas J. Fenton (Thomas) and Cheryl D. Fenton, (Cheryl) (collectively, the Fentons), appeal the trial court's judgment holding them in violation of the City of Seymour zoning ordinance.

We reverse.

## ISSUE

The Fentons raised three issues, one of which we find dispositive and which we restate as: Whether the trial court properly interpreted that the City of Seymour's zoning ordinance is applicable to the paving of a car dealership's parking lot.

## FACTS AND PROCEDURAL HISTORY

On June 18, 2010, an agent for the Fentons submitted an application for an improvement location permit to Appellee-Plaintiff, the City of Seymour (Seymour) to construct a used automobile dealership on the premises. The application was subsequently granted. The car dealership is located on a lot situated on a main highway running through Seymour, with a sales inventory of approximately seventy vehicles. While the majority of the surface lot is unpaved, it has a small paved lot near the garage, used for customer parking. After the issuance of the permit, Seymour periodically inspected the site as improvements occurred to ensure compliance with City Building Codes.

On June 19, 2013, Seymour issued a Notice of Non-Compliance to the Fentons, alerting them that the property was not in compliance with the paving requirements as included in section 157.086(J)(5) of the City's zoning ordinance. Seymour offered the Fentons two options to rectify this situation: "1. Begin [p]aving and covering the lot per Ordinance Specifications. [or] 2. Apply for a Variance." (Plaintiff's Exh. 2). The Fentons failed to comply. On January 17, 2014, Seymour sent a second Notice of Non-Compliance in which Seymour noted that "[f]ailure to comply will result in [Seymour] commencing legal action to insure compliance." (Plaintiff's Exh. 3). Again, the Fentons did not correct the situation.

On August 6, 2014, Seymour filed a Complaint for Infraction against Thomas, alleging that he was in violation of section 157.086 of Seymour's zoning ordinances for his "failure and refusal to pave a parking lot owned by him and [Cheryl]." (Appellant's App. p. 7). An identical Complaint was filed by Seymour against Cheryl. On October 1, 2014, the trial court conducted a bench trial. On November 20, 2014, the trial court issued its judgment, determining that Thomas was in violation of § 157.086 of Seymour's zoning ordinance and assessing fines of twenty-five dollars per day of non-compliance. The trial court issued an identical judgment against Cheryl. On December 16, 2014, both Thomas and Cheryl filed a motion to correct error, which was denied by the trial court on March 2, 2015.

[7] The Fentons now appeal.[1]  Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] The Fentons contend that the trial court erred when it found them in violation of Seymour's zoning ordinance.  Construction of a zoning ordinance is a question of law.  *Flying J., Inc. v. City of New Haven, Bd. of Zoning Appeals*, 855 N.E.2d 1035, 1039 (Ind. Ct. App. 2006), *trans. denied*.  Zoning regulations that inhibit the use of real property are in derogation of the common law and are strictly construed.  *Discovery House, Inc., v. Metro Bd. of Zoning Appeals of Marion Co.*, 701 N.E.2d 577, 579 (Ind. Ct. App. 1998), *trans. denied*.  Instead, we construe a zoning ordinance to favor the free use of land and will not extend restrictions by implication.  *Saurer Bd. of Zoning Appeals*, 629 N.E.2d 893, 898 (Ind. Ct. App. 1994).  We review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions.  *Int'l Union of Police Ass'ns Local No. 133 v. Ralston*, 872 N.E.2d 682, 687 (Ind. Ct. App. 2007).

[9] When asked to interpret an ordinance, this court will apply the same principles as those employed for the construction of statutes.  *T.W. Thom Constr., Inc. v. City of Jeffersonville*, 721 N.E.2d 319, 324 (Ind. Ct. App. 1999).  The cardinal rule of statutory construction is to ascertain the intent of the drafter by giving effect to the ordinary and plain meaning of the language used.  *Id.*  Thus, we are not

---

[1] It should be noted that Thomas and Cheryl filed a separate notice of appeal.  We consolidated both causes of action under a single appellate cause number on September 22, 2015.

at liberty to construe a statute that is unambiguous. *Id*. Where possible, every word must be given effect and meaning, and no part is to be held meaningless if it can be reconciled with the rest of the statute. *Id*.

[10] Focusing on section 157.086(J) of the zoning ordinance, the Fentons argue that they own and operate an automobile dealership, which is exempt from the provisions of the ordinance. Section 157.086(J) provides, in pertinent part:

> (J) *Parking and loading space specifications*
>
> (1) All loading areas and all off-street parking areas for four or more vehicles shall be developed in accordance with the standards of this section, except for one-and two-family dwellings, agricultural and rural uses and storage of vehicular merchandise not counting toward the minimum requirements of this chapter.
>
> * * *
>
> (5) All open off-street parking and loading areas, including driveways and other circulation areas, shall be surfaced with an all-weather paving material capable of carrying a wheel load of 4,000 pounds, or improved with concrete or a compacted macadam base and surfaced with an asphalted pavement, to adequately provide a durable and dust-free surface which shall be maintained in good condition and free of weeds, dirt, trash and debris. Parking spaces associated with one-or two-family dwelling are exempt from the paving requirements but shall be maintained with a dust-free surface.

(Defendant's Exh.).

[11] Pointing toward the "except" language in subsection (J)(1), the Fentons contend that its business is properly categorized as the "storage of vehicular merchandise" and therefore the lot is not subject to the paving requirements included in subsection (J)(5).

[12]     Initially, we note that "storage of vehicular merchandise" is not defined in the zoning ordinance. Undefined words in a statute or ordinance are given their plain, ordinary, and usual meaning. *600 Land, Inc. v. Metropolitan Bd. of Zoning Appeals of Marion Co.*, 889 N.E.2d 305, 309 (Ind. 2008). In their application, the Fentons alerted Seymour that it was their intention to build an automobile dealership on the lot, with its principal use to store, display, and offer vehicles for sale. Relying on the common meaning, it is difficult to envision an automobile dealership not falling within the ordinance's phrase of "storage of vehicular merchandise."

[13]     Section (A) of ordinance 157.086 defines the "[p]urpose and [i]ntent" of the ordinance, stating, in particular:

> Accessory off-street parking . . . shall be provided and maintained for all buildings . . . . *These regulations are designed to alleviate or prevent congestion of the public streets by establishing minimum requirements for on-site storage of motor vehicles in accordance with the use to which the property is occupied.*

City of Seymour, Ind. Code § 157.086(A) (emphasis added).

[14]     Section (D) describes in detail "[p]arking standards" and the minimum width and length requirements in accordance with "[v]ehicle, space type." It also details minimum "[p]arking [a]isle [w]idths" in accordance with the "[p]arking angle" of the off-street parking location. *Id.* § 157.086(D). This section requires that "[a]ll off-street parking . . . shall be designated with appropriate means of vehicular access to a street or ally in a manner that least interferes with traffic movement." *Id.*

[15] Section (E) describes "[m]inimum off-street parking space requirements." This section details how to calculate "the minimum required number of off-street parking or loading spaces." *Id.* §157.086(E). Sections (H) and (I) describe, respectively, "stacking" parking spaces, such as for a bank teller lane or a car wash, and accessible parking for physically challenged persons. *Id.* § 157.086(H), (I). And subsection (K) describes alternatives to off-street parking.

[16] Further, section (L)(1) states:

> Accessory off-street parking facilities . . . shall be utilized solely for the parking of passenger automobiles . . . of patrons, occupants or employees of specified uses. Such parking facilities shall not be used for the storage, display, [or] sales . . . of any vehicle, equipment or material.

[17] All of those sections inform the interpretation of section (J), which is at issue in this appeal. Section (J) then further describes various other off-street parking specifications. As stated above, section (J)(1) requires "all . . . off-street parking areas for four or more vehicles [to] be developed in accordance with this section, except for one- and two-family dwellings, agricultural and rural uses and storage of vehicular merchandise not counting toward the minimum requirements of this chapter." Section (J)(5) then requires off-street parking spaces to be paved.

[18] Seymour also asserts that the "paving requirement set out in § 157.086(J)(5) plainly applies to ALL off-street parking areas . . . [t]here are no exceptions for automobile dealerships." (Appellee's Br. p. 4). In effect, Seymour asserts that subsection (5) should be read independently from subsection (1). Again, we

disagree. The meaning of a single subsection of an ordinance is to be considered with other subsections of the same section and within the same chapter. *See e.g., Raider v. Pea*, 613 N.E.2d 870, 872 (Ind. Ct. App. 1993). We do not construe one provision of an ordinance in isolation; rather we consider an ordinance as a whole and consider a single provision in reference to the other provisions. *See id*. Likewise, two statutory provisions covering the same subject are to be harmonized if possible. *Id*. The numerous sections in ordinance 157.086 thoroughly demonstrate that the ordinance exists to regulate off-street parking and to facilitate the flow of traffic on public streets. The ordinance does not regulate a car dealership's display of vehicular merchandise.

[19] However, insofar as Seymour contends that section (J)(1) is ambiguous, section (L)(1) expressly dispels any such ambiguity. Section (L)(1) states that off-street parking facilities are for a business' "patrons" and "shall not be used for the storage, display, [or] sales . . . of any vehicle, equipment or material." In other words, the paving requirement under Section 157.086 not only applies to off-street parking facilities but also expressly excludes property used to display a dealer's vehicular inventory offered for sale.

[20] In sum, section (J)(1) expressly clarifies that "[a]ll loading areas and all off-street parking areas for four or more vehicles shall be developed in accordance with *the standards of this section, except* …storage of vehicular merchandise[.]" (emphasis added). Accordingly, an automobile dealership, as a storage of vehicular merchandise, is exempt from the paving requirements of subsection

(J)(5) and the minimum requirements of chapter 157.086. As a result, we reverse the trial court's judgments against Thomas & Cheryl Fenton.[2]

## CONCLUSION

Based on the foregoing, we reverse the trial court's judgment because an automobile dealership is not subject to the paving requirements of Seymour's zoning ordinance.

Reversed.

Najam, J. and May, J. concur

---

[2] Seymour also assert that the trial court's judgment should be affirmed because the "Fentons failed to exhaust their administrative remedies. However, because Seymour failed to raise this argument before the trial court and now asserts it for the first time on appeal, Seymour has waived the argument for our review. *See, e.g., Felsher v. Univ. of Evansville*, 755 N.E.2d 589, 593 n.6 (Ind. 2001). Moreover, it should be noted that the parties were in the trial court because Seymour filed suit against the Fentons, not because the Fentons filed suit against Seymour. Thus, Seymour's argument in essence seems to be that the Fentons are not permitted to respond to a complaint filed against them. We reject that proposition.