**J. Gregory SMITH, Appellant–Plaintiff,**

v.

**Shirley A. SMITH, Appellee–Defendant.**

No. 03A05–0601–CV–44.

Court of Appeals of Indiana.

July 25, 2006.

Geoffrey B. Yelton, Anderson, IN, Attorney for Appellant.

Stanley A. Gamso, Lawson, Pushor, Mote & Gamso, Columbus, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

J. Gregory Smith ("Greg") appeals the dissolution court's order dividing the marital assets he shared with Shirley A. Smith ("Shirley"). Specifically, Greg contends that the court abused its discretion in barring the introduction of certain evidence as a sanction for discovery violations without first holding a hearing. He also contends that the court abused its discretion by dividing the assets unjustly. We find the court did not abuse its discretion when it issued the sanction and that the division of property is reasonable. However, because of mistakes in the division of rental properties in the dissolution decree, we remand with instructions for the court to correct the dissolution decree.

### Facts and Procedural History

Greg and Shirley Smith began living together in 1972. Starting in 1973, the parties began buying real estate together. Greg and Shirley were married on September 3, 1981. By the time of the final hearing, the parties were the joint owners of ten parcels of real estate. Shirley participated in the management and maintenance of the properties from 1973 until 1997. At one point, the parties operated a glass business, SAS Glass, together out of the marital residence. Shirley stopped working at the glass business in 1997. The parties had no children together.

Shirley, with counsel, filed a petition for dissolution of marriage in March 2005. In that petition, she affirmed that the parties separated in November 2002, when she moved out of the marital residence. Greg's counsel entered an appearance on April 11, 2005. On April 19, Shirley served Greg a set of interrogatories and a request for production. The cause was set for a final hearing on July 12, 2005, but the hearing had to be continued because Greg failed to answer the discovery requests.

On July 8, Shirley filed a motion to compel discovery and continue the final hearing because Greg had not responded to either the original request for production or two letters from Shirley's counsel requesting the discovery. Greg responded on July 19 with his own request for production, but he still did not respond to Shirley's requests for discovery. On July 25, the court granted Shirley's motion to compel discovery and ordered Greg to respond to the discovery requests by August 8. On August 10, Shirley sought a second motion to compel and sought to bar him from introducing the evidence that should have been included in the discovery if he did not comply with the dissolution court's order this time. The court granted this second motion to compel on August 11 and ordered Greg to respond to the discovery requests by September 5.[1]

Because of Greg's continuing failure to respond to her discovery requests, on September 20 Shirley filed a motion to bar introduction of documents or evidence not produced in discovery requests and a motion for final hearing. On September 22, the court granted Shirley's motion and issued a bar of evidence on Greg for the following subjects: personal tax returns for the last six years; corporate returns for SAS Glass for the last six years; source documents used to prepare SAS Glass tax returns; income and expense ledgers on all the rental properties for the last six years; all insurance policies for motor vehicles, residences, and rental

---

1. The record includes a letter sent on August 18 from Jeffrey Jackson, Greg's counsel at that time, warning Greg that if he failed to respond to this court order, Jackson would withdraw his appearance. Appellant's App. p. 109.

properties; pay stubs for the last four months; and any written employment contract in which Greg had entered. On September 29, Greg's attorney filed a motion to withdraw his appearance, which the court granted on September 30.

The final hearing was held on November 22, 2005. The only ones to testify were a realtor, Shirley, and Greg. The appraisals the realtor conducted were entered into evidence without objection from Greg. Shirley's Exhibit 2 was entered into evidence over Greg's objection. Shirley's Exhibit 2 includes her proposal for the property division and lists ten deeds, confirming that there are ten parcels of property at issue. Shirley proposed the real estate be split in the following way: Shirley would receive the marital residence and the rental properties at 2272 Indiana Avenue, 2252/2262 Indiana Avenue,[2] and 615 McClure Road; Greg would receive the rental properties at 634 Rosemary Road, 732 Jewell Street, 742 Werner Street, 465 Morningside, 644 Rosemary Road, and 5280 S 275 W. Thus, Shirley would receive four properties, Greg would receive six properties, and Greg would owe Shirley a $35,325.13 equalization payment to ensure each party receives a 50/50 split of the value of the marital property.

The court then granted the dissolution. At the end of the hearing, the judge stated that he would divide the property in the following way: Shirley received the marital residence and the properties at 2272 Indiana Avenue, 2252 Indiana Avenue, 2262 Indiana Avenue, and 615 McClure Road; Greg received the properties at 634 Rosemary Road, 732 Jewell Street, 742 Werner Street, 465 Morningside, and 644 Rosemary Road. The court ordered Shirley's proposal, including the equalization payment, which was a 50/50 property split. The court's division omitted the property at 5280 S 275 W and mistakenly split the single parcel at 2252/2262 Indiana Avenue into two properties. The dissolution decree makes the same error and also mistakenly lists the property at 732 Jewell Street as 732 Reed Street. Greg now appeals.

## Discussion and Decision

Greg raises two issues on appeal. He argues that the court abused its discretion by barring the introduction of evidence as a sanction for his discovery violations without a hearing. He also argues that the court abused its discretion in dividing the marital property. We address each issue in turn.

### I. Court's Discretion in Imposing Sanctions

Greg first argues that the court abused its discretion by issuing, without a hearing, a bar of evidence as a sanction for discovery violations. A trial court enjoys broad discretion when ruling upon discovery matters, and we will interfere only when an abuse of discretion is apparent. *Davidson v. Perron*, 756 N.E.2d 1007, 1012 (Ind.Ct.App.2001). An abuse of discretion occurs when the decision is against the logic and natural inferences to be drawn from the facts of the case. *Id.* Because of the fact-sensitive nature of discovery issues, a trial court's ruling is given a strong presumption of correctness. *Id.*

Further, a trial court enjoys broad discretion in determining the appropriate sanctions for a party's failure to comply with discovery orders. *Vernon v. Kroger*, 712 N.E.2d 976, 982 (Ind.1999). Absent clear error and resulting prejudice, the trial court's determinations with re-

---

2. The record shows one deed for the two addresses at 2252/2262 Indiana Ave. Pet. Ex.

2 p. 10.

spect to violations and sanctions should not be overturned. *Davidson,* 756 N.E.2d at 1013. One sanction available in cases where a party fails to comply with discovery orders is a bar of evidence. *See* Ind. Trial Rule 37(B)(2)(b); *Davidson,* 756 N.E.2d at 1013. No hearing is required before this sanction is imposed. *See* Ind. Tr. R. 37 (explicitly requiring hearing only before awarding expenses for motion to compel); *Davidson,* 756 N.E.2d 1007 (upholding trial court's issuing exclusion of evidence as discovery sanction without mentioning a hearing requirement); *Pfaffenberger v. Jackson County Reg'l Sewer Dist.,* 785 N.E.2d 1180, 1185–86 (Ind.Ct. App.2003) (noting that Ind. Trial Rule 37(B) does not require hearing for dismissal when party fails to respond to discovery requests because rule is silent on hearing requirement).

The court did not abuse its discretion by ordering, without a hearing, a bar of evidence introduced by Greg as a sanction for the discovery violations. Shirley filed a discovery request, and Greg failed to respond. The final hearing was continued because of Greg's failure to respond to discovery. Shirley filed a motion to compel, and the court granted it; however, Greg still failed to respond to discovery. Shirley filed a second motion to compel and asked that if Greg failed to respond again, Greg should not be able to introduce evidence on the subjects under the discovery. The court granted Greg more time to respond, and, even though Greg knew the bar of evidence was a possibility, Greg failed to respond again. Finally, the court ordered that Greg could not admit evidence on the matters he failed to respond to. Given Greg's multiple violations of the discovery orders, we cannot say that or-dering the sanction was a clear error resulting in prejudice. The dissolution court did not abuse its discretion. *See Davidson,* 756 N.E.2d at 1015.

## II. Equitable Division of Property

■ Next, Greg argues that the court abused its discretion when it divided the marital property equally. Specifically, Greg contends the following: that the rental income from the months after the dissolution petition was filed should not have been considered a marital asset; that Shirley should not have been awarded as many of the rental properties as she was; that his yearly income was figured incorrectly; that the dissolution court failed to consider that awarding the marital residence to Shirley displaces SAS Glass; and that Shirley incorrectly attributed $126,900 in rental receipts solely to him. He also argues that Shirley's income during the separation should have been included in the marital pot and that Shirley's Exhibit 2 should not have been admitted because there was no foundation for the rental income figures.[3] Because the dissolution court did not abuse its discretion, we disagree.

■ We apply a strict standard of review to a court's distribution of property upon dissolution. *Wilson v. Wilson,* 732 N.E.2d 841, 844 (Ind.Ct.App.2000), *trans. denied.* The division of marital assets is a matter within the sound discretion of the trial court. *Sanjari v. Sanjari,* 755 N.E.2d 1186, 1191 (Ind.Ct.App.2001).

■ The party challenging the trial court's property division bears the burden of proof. *Wilson,* 732 N.E.2d at 844. That party must overcome a strong pre-

---

3. Greg has waived these two issues because he failed to provide cogent argument supported by citations to authority. *See* Ind. Appellate Rule 46(A)(8)(a); *Woodruff v. Klein,* 762 N.E.2d 223, 229 (Ind.Ct.App.2002) (dismissing argument for failure to present neither logical argument nor specific citations to authority), *trans. denied.*

sumption that the court complied with the statute and considered the evidence on each of the statutory factors. *Id.* The presumption that a dissolution court correctly followed the law and made all the proper considerations when dividing the property is one of the strongest presumptions applicable to our consideration on appeal. *Id.* Thus, we will reverse a property distribution only if there is no rational basis for the award. *Id.*

The marital pot generally closes on the date the dissolution petition is filed. *Sanjari,* 755 N.E.2d at 1192. However, a trial court has broad discretion in determining the date upon which to value the marital assets, and the trial court may select any date between the date of filing the petition of dissolution and the date of the final hearing. *Wilson,* 732 N.E.2d at 845.

When dividing the property, the court considers the value of the property owned by either spouse before marriage, acquired by either spouse in his or her own right before final separation, or acquired by the spouses' joint efforts, but not the future income the marital property will produce after the dissolution. *See* Ind. Code § 31–15–7–4. Net income from the property bought before or during the marriage is a marital asset. *See Fobar v. Vonderahe,* 771 N.E.2d 57, 60 (Ind.2002) (considering rental income as marital property to be included in marital pot).

Generally, there is a presumption that an equal distribution of marital property is just and reasonable. *See* Ind.Code § 31–15–7–5. However, there are factors in Indiana Code § 31–15–7–5 that can serve to rebut the presumption of equally dividing the marital estate:

[T]his presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse:

(A) before the marriage; or

(B) through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

(A) a final division of property; and

(B) a final determination of the property rights of the parties.

Initially, we note that the rental property at 5280 S 275 W is missing from the dissolution court's order, but that the court, attributing this property to Greg, used the value of the property when determining the property division and equalization payment that Greg owes to Shirley according to Shirley's proposed division. Here, the court did divide the value of the property 50/50 according to Shirley's proposed division of property. This equal division of property is presumed reasonable under the statute, and Greg must overcome the strong presumption that the dissolution court did not abuse its discretion when it divided the property.

First, Greg argues that the rental income from the months after the dissolu-

tion petition was filed should not have been considered a marital asset. At the time the petition for dissolution was filed and the marital pot closed, the parties jointly owned ten parcels. Because Shirley and Greg owned the rental properties together, the income the properties earned after the petition for dissolution was filed and before the court's valuation date was properly considered a marital asset under Indiana Code § 31–15–7–4.

Next, Greg argues that Shirley should not have been awarded so many of the rental properties under Indiana Code § 31–15–7–5(4) because he had sole control over the rental properties for the last eight years. However, even if Greg did have sole control of the properties for the last eight years, Shirley owned the properties jointly with Greg. We cannot say the court abused its discretion in awarding three of the rental properties to Shirley.

Additionally, Greg argues that the trial court abused its discretion in awarding the marital residence to Shirley, while displacing his business, SAS Glass. The court has discretion in its decision to award marital property, including the marital residence. *See Larkins v. Larkins,* 685 N.E.2d 88, 90–91 (Ind.Ct.App.1997). Given that there is no evidence that the displacement of SAS Glass will cause harm to Greg or that SAS Glass still exists, we cannot say that the court abused its discretion in awarding the marital residence to Shirley.

Finally, Greg argues that his income and the rent receipts were figured incorrectly, resulting in a skewed division of property. It is true that the only evidence of his income and the amount of the rent receipts was provided by Shirley, but Greg had the opportunity to present contrary evidence and lost this opportunity by failing to respond to the discovery requests.

We remand this cause with instructions to the dissolution court to correct the dissolution decree by giving 5280 S 275 W and 732 Jewell Street to Greg.

Remanded with instructions.

DARDEN, J., and RILEY, J., concur.