**David M. PETERS, Appellant–Respondent,**

v.

**Julie PERRY, Elzie D. Hale and Theresa A. Hale, Appellees–Petitioners.**

No. 03A01–0701–CV–5.

Court of Appeals of Indiana.

Dec. 7, 2007.

David M. Peters, Port Charlotte, FL, pro se.

David M. Brinley, Eynon Law Group, Thomas N. Mote, Lawson Pushor Mote & Gamso, LLC, Columbus, Irwin J. Prince, Indianapolis, IN, Attorneys for Appellees.

## OPINION ON REHEARING

BARNES, Judge.

We grant David Peters's petition for rehearing following our decision in *Peters*

*v. Perry,* 873 N.E.2d 676 (Ind.Ct.App. 2007). In his petition for rehearing, Peters explains that he did not file two motions to correct error challenging the trial court's June 16, 2006 judgment. Instead, he asserts that his June 19, 2006 motion to correct was a challenge to the trial court's May 18, 2006 order granting Julie Perry's request for sanctions and awarding the plaintiffs' an entry of default judgment against Peters. Peters claims his July 17, 2006 motion to correct error was a challenge to the trial court's June 16, 2006 judgment quieting title based on the entry of default.

He contends the May 18, 2006 sanctions order was not a final appealable order and the June 16, 2006 judgment was a final appealable order. Accordingly, he asserts that he only filed one motion to correct error challenging the June 16, 2006 judgment, that on September 22, 2006, the trial court held a hearing on such, and that on October 23, 2006, the trial court denied his motion to correct error. Thus, he contends his November 22, 2006, notice of appeal was timely filed and this court has jurisdiction over his appeal.

Although both of Peters's motions are titled "motions to correct error," both challenge the same action by the trial court— its entry of default and subsequent judgment for failure to comply with discovery requests, both were filed after the trial court's June 16, 2006 judgment, and both are substantively similar and at times identical, we will err on the side of caution here. With this in mind, on rehearing we will assume that Peters filed two distinct motions to correct error and that they are not repetitive motions under Indiana Trial Rule 53.4. Accordingly, we agree with Peters that his notice of appeal was timely filed.

■ On the merits of his appeal, Peters has not established that the trial court abused its discretion in entering default judgment as a discovery sanction. "[A] trial court enjoys broad discretion in determining the appropriate sanctions for a party's failure to comply with discovery orders." *Smith v. Smith,* 854 N.E.2d 1, 4 (Ind.Ct.App.2006). An abuse of discretion occurs when the trial court's decision is against the logic and natural inferences to be drawn from the facts of the case. *Id.* Because of the fact-sensitive nature of discovery issues, a trial court's ruling is given a strong presumption of correctness. *Id.* "Absent clear error and resulting prejudice, the trial court's determinations with respect to violations and sanctions should not be overturned." *Id.* at 4–5.

■ A trial court may impose various sanctions for discovery violations, including an award of costs and attorney fees, exclusion of evidence, dismissing the action, or rendering a judgment by default. *Nwannunu v. Weichman & Associates, P.C.,* 770 N.E.2d 871, 876 (Ind.Ct.App.2002) (citing Ind. Trial Rule 37(B)(2)). A trial court is not required to impose lesser sanctions before applying the ultimate sanction of dismissal or default judgment. *Id.*

■ Here, Perry submitted interrogatories to Peters on October 19, 2005. Peters did not answer the interrogatories. On January 3, 2006, Perry moved to compel Peters to answer them, and the trial court ordered him to answer them by February 24, 2006. Peters did not do so, and on March 2, 2006, Perry moved for default judgment. At a March 27, 2006 hearing, the trial court ordered that Perry's motion for default judgment be held for two weeks, giving Peters another opportunity to answer the interrogatories. On April 13, 2006, Perry renewed her motion for default judgment. At an April 25, 2006 hearing, the renewed motion for default judgment was discussed. On May 18,

2006, the trial court ordered sanctions in the form of entry of default against Peters for his failure to comply with the discovery requests and orders. On June 16, 2006, the trial court entered judgment quieting title against Peters based on the entry of default.

The trial court ordered Peters to comply with Perry's discovery requests, and he did not do so. Peters's attacks on Perry's standing, the statutory basis for Count II of the amended complaint, Perry's definition of "defendant," and the trial court's personal jurisdiction [1] over him go to the merits of the case, not the trial court's discretion to order discovery sanctions. Because Peters failed to comply with the trial court's discovery order, he has not established that the trial court abused its discretion in entering default judgment against him. We affirm.

Affirmed.

KIRSCH, J., and ROBB, J., concur.

**D.L., Appellant–Respondent,**

v.

---

1. Peters argues that the trial court lost personal jurisdiction when he filed his February 22, 2006 motion to dismiss. His motion to dismiss was based on Perry's definition of "defendant" in her interrogatories. However, the plaintiffs' amended complaint was filed on May 10, 2004, and Peter's filed his answer on May 3, 2005, well before his challenge to the trial court's personal jurisdiction over him. Because personal jurisdiction can be waived when a party fails to make a timely objection and Peters filed an answer and waited almost two years to challenge the trial court's personal jurisdiction, this claim is waived. *Neese v. Kelley*, 705 N.E.2d 1047, 1051 (Ind.Ct.App.1999).