**Manda HILL, Appellant–Plaintiff,**

v.

**Michael BOLINGER, Appellee–Defendant.**

No. 06A01–0706–CV–269.

Court of Appeals of Indiana.

Feb. 20, 2008.

Jon R. Pactor, Indianapolis, IN, Attorney for Appellant.

Kevin P. McGoff, Denise W. Chavis, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Plaintiff–Appellant Manda Hill appeals the trial court's grant of summary judgment in favor of Defendant–Appellee Michael Bolinger in Hill's legal malpractice action against Bolinger. We affirm.

The sole issue for our review is whether the trial court erred in granting summary judgment in favor of Bolinger.

Bolinger represented Manda in the dissolution of her marriage to Dean Hill. The Hills' property consisted primarily of Dean's $57,959.00 401(K); Manda's $15,246.99 401(K); a $110,000.00 marital residence with a $53,000.00 mortgage that was purchased from Dean's grandfather

three years before Manda filed the dissolution petition; a $80,000.00 home with a $65,000.00 mortgage purchased by Manda two days before she filed the dissolution petition; two automobiles, one of which Dean paid $10,000.00 on after the filing of the petition; and other personal property. The evidence further revealed that $20,000.00 of the equity in the marital residence was attributable to a gift from Dean's grandfather as part of an early distribution of Dean's inheritance, and an additional $30,000.00 of the equity was attributable to Dean's physical labor in making improvements to the property.

In August 2004, the trial court issued an order distributing the parties' property. Specifically, the court awarded Dean the marital residence as well as his 401(k), and Manda the residence she purchased as well as her 401(k). In addition, the court credited Dean with the $10,000.00 he paid on Manda's car and ordered him to pay Manda $25,000.00 from his retirement account. Dean received $79,959.00, or 55% of the $145,223.00 marital estate, and Manda received $65,264.00, or 45% of the marital estate.

In September 2004, Bolinger filed a Motion to Correct Error on Manda's behalf wherein Manda asked the court to award her $28,500.00 in equity from the marital residence as well as an additional $2,566.00 from Dean's retirement account. The trial court held a hearing on the motion in December 2004, and took the matter under advisement. The court, however, did not rule on the motion. In April 2005, the court held a hearing on several post-decree matters, including Dean's allegation that Manda's motion to correct error was deemed denied in January 2005 pursuant to Indiana Trial Rule 53.3.[1] In its April

1. Indiana Trial Rule 53.5 provides in relevant part as follows: "In the event a court fails ...

2005 order, the court deemed Manda's Motion to Correct Error denied on January 12, 2005. The court further noted that the deadline to file an appeal of the denial of the motion was February 11, 2005.

In November 2005, Manda filed a legal malpractice action against Bolinger, alleging that he negligently failed to preserve or file an appeal of the denial of her motion. Bolinger filed a summary judgment motion, which the trial court granted. Manda appeals.

Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Van Kirk v. Miller,* 869 N.E.2d 534, 539 (Ind.Ct.App.2007), *trans. denied.* When we review a trial court's grant of summary judgment, we are bound by the same standard as the trial court. *Id.* at 540. We may not look beyond the evidence that the parties specifically designated, and we must accept as true those facts alleged by the nonmoving party. *Id.* In addition, we construe the evidence in favor of the nonmoving party, and resolve all doubts against the moving party. *Id.*

On appeal, the trial court's order granting a summary judgment motion is cloaked with a presumption of validity. *Id.* A party appealing an order granting summary judgment has the burden or persuading this court that the decision was erroneous. *Id.* Lastly, a grant of summary judgment may be affirmed upon any theory supported by the designated evidence. *Id.*

In order to establish a case of legal malpractice, a plaintiff must demonstrate that she 1) employed the attorney, 2) who failed to exercise ordinary skill and knowl-edge, 3) proximately causing, 4) damage to the plaintiff. *Id.* at 540–41. As long as Bolinger negates one element of Manda's case, the trial court's grant of summary judgment will be upheld. *See id.*

When analyzing the merits of an attorney malpractice claim, we must determine what we would have done had the client not missed her chance to appeal because of her attorney's negligence in perfecting the appeal. *Jones v. Psimos,* 882 F.2d 1277, 1281 (7th Cir.1989), *cert. denied,* 495 U.S. 947, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990), (applying Indiana law). The loss of a right to appeal a property distribution entered in a divorce case is alone insufficient to impose liability on an attorney. *Id.* Rather, a party must establish that she had a valid claim in the underlying action that was allegedly mishandled by the defendant attorney. *Id.* In other words, the client must show that the attorney's negligence proximately caused the injury. *Id.*

Here, if we would have reversed the property distribution, we must reverse the grant of summary judgment in Bolinger's favor and let Manda's malpractice claim go forward. *See id.* On the other hand, if we would not have reversed the property distribution order, Manda has suffered no injury from Bolinger's failure to perfect the appeal and the trial court's grant of summary judgment was proper. *See id.*

We now turn to the property distribution order. We apply a strict standard of review to a court's division of marital property in a dissolution action. *Smith v. Smith,* 854 N.E.2d 1, 5 (Ind.Ct.App.2006). The division of marital assets is a matter within the sound discretion of

to rule on a Motion to Correct Error within thirty (30) days after it was heard ... the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated

by filing the notice of appeal ... within thirty (30) days after the Motion to Correct Error is deemed denied."

the trial court. *Id.* The party challenging the trial court's property division bears the burden of proof. *Id.* The presumption that the court correctly followed the law and made all the proper considerations when dividing the property is one of the strongest presumptions applicable to our considerations on appeal. *Id.* at 6. Thus, we will reverse a property distribution only if there is no rational basis for the award. *Id.*

Generally, there is a presumption that an equal distribution of marital property is just and reasonable. *See* Ind.Code § 31–15–7–5. However, there are factors in Indiana Code Section 31–15–7–5 that can serve to rebut the presumption of equally dividing the marital estate. These factors include the contribution of each spouse to the acquisition of the property as well as the extent to which the property was acquired by each spouse through inheritance and or gift. I.C. § 31–15–7–5.

Here, the evidence revealed that $20,000.00 of the equity in the marital residence was attributable to a gift from Dean's grandfather as part of an early distribution of Dean's inheritance, and an additional $30,000.00 of the equity was attributable to Dean's physical labor in making improvements to the property. This evidence provides a rational basis for awarding Dean 55% and Manda 45% of the marital property, and we would have found no abuse of the trial court's discretion in distributing the Hill's property.

Because we would not have reversed the dissolution court, we find that Manda has failed to establish the causation element for a case of attorney malpractice. Accordingly, the trial court did not err in granting Bolinger's summary judgment motion.[2]

Affirmed.

MAY, J., and BRADFORD, J., concur.

---

2. Manda also argues that the trial court erred in granting summary judgment in favor of Bolinger because the affidavit she submitted from Indiana attorney Michael Cheerva created a genuine issue of fact about what this court would have done in this matter. Because we have just determined what we would have done, we need not address this argument.