**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MARK S. LENYO**
South Bend, Indiana

ATTORNEY FOR APPELLEES:

**GEORGE T. CATANZARITE**
Zappia, Zappia & Stipp
South Bend, Indiana

FILED
Mar 08 2013, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHERYL L. SCHLIMPERT, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  71A03-1206-DR-297 |
| | ) | |
| TIMOTHY M. SCHLIMPERT, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jenny Pitts Manier, Judge
Cause No. 71D04-0912-DR-629

**March 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Cheryl Schlimpert ("Wife") filed a petition for dissolution of her marriage to Timothy Schlimpert ("Husband") in December 2009. In February 2010, Husband was given a substantial bonus by his employer for his work in 2009 (the "2009 bonus"). When the parties' child and property issues were determined by a Decree of Dissolution entered in December 2011, the trial court found the 2009 bonus was not marital property subject to division. Wife appeals, claiming the trial court erred in finding the 2009 bonus was not marital property, or in the alternative, in not ordering that part of the 2009 bonus be paid as child support. Concluding Wife did not timely appeal the Decree, we dismiss.

## Facts and Procedural History

Husband and Wife were married in 1993 and are the parents of two children born of the marriage. Wife filed a petition for dissolution of marriage and for provisional relief on December 1, 2009. A provisional order entered by the trial court on February 4, 2010, provided, in pertinent part, that "[a]ny bonus which has been received in 2010 for the calendar year 2009 will be placed in escrow with the parties to determine how said funds are to be distributed (including payment of debt)." Appendix of Appellant at 121-22. At trial, Husband testified that on February 15, 2010, he received a "retention and incentive bonus" from his employer of $261,490.70 based on his performance in 2009. Transcript of Evidence at 83. Husband is ineligible to receive a bonus for any given year unless he is employed by the company on February 15 of the following year. The bonus of $162,029.68, after taxes, was deposited in Husband's attorney's escrow account. While the dissolution was pending,

2

the parties agreed that each could take $20,000 from the escrow account, and marital debts totaling $50,841.00 were paid from the escrowed funds.

On December 23, 2010, the parties' marriage was dissolved, and the remaining child and property division issues were set aside to be heard at a later date. In Wife's contentions filed with the trial court prior to the trial, she asserted that eleven-twelfths of the 2009 bonus was marital property. On December 22, 2011, the trial court entered Findings of Fact, Conclusions of Law and Decree of Dissolution of Marriage deciding the remaining child and property division issues. Relevant to the issue Wife raises on appeal, the trial court concluded as follows with respect to the 2009 bonus:

> [Husband] was awarded an incentive bonus in the amount of $160,030.00 (net proceeds) by his employer for work performed by [Husband] in calendar year 2009. [Husband's] employment agreement provides that he would be "eligible to receive" a bonus if certain performance criteria were met "provided [he] continues to be employed by the Company until" February 15, 2010. [Husband's] bonus is not marital property. During the pendency of the case, a significant portion of [Husband's] bonus was used to retire almost all of the parties' debt . . . . Additionally, during the pendency of the case, the prior judge handling this matter allowed each party to withdraw $20,000.00 of these proceeds "for their temporary use." By the use of this term, the Court held in abeyance the question of whether the bonus was marital property and, if not, whether [Wife] would have to account for this $20,000.00 in the final distribution of the marital estate. [Wife] will be held to account to this distribution to her of non-marital property.
> * * *
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, as follows:
> * * *
> I. [Husband] shall pay to [Wife] for the support of the parties [sic] children, the sum of $365.00 per week. [Husband] shall also pay, as child support, twelve percent (12%) of any bonus, incentive or other such compensation.

App. at 25-26, 38-39.

3

Following the entry of the Decree, Husband filed two Motions to Correct Errors, hearings were held, and the trial court issued additional orders. Although the 2009 bonus was peripherally involved in these matters, whether it should have been considered a marital asset was not at issue.[1] The motions to correct errors were settled by orders issued on March 1 and March 2, 2012. On March 7, 2012, Wife filed a Motion to Clarify, stating in pertinent part:

> Petitioner/Wife, by counsel, files Motion to Clarify, and states that:
> * * *
> 3. In the Court's Decree of December 22, 2011, the Court found that Husband's bonus of $261,490.70 was not a marital asset, but income.
> 4. The child support that was initially established did not include the bonus for child support purposes as same is argued to be a marital asset.
> 5. In that the bonus is not a marital asset, but income, the Court's order that Husband pay $365.00 per week plus "12% of any bonus, etc., any such compensation" should apply to this bonus as same was not determined to be income until the Court's order of December 22, 2011.
> WHEREFORE, Wife moves the Court to clarify . . . that Husband's bonus received in 2010 is subject to 12% child support, and for all other just and proper relief in the premises.

Id. at 52-53. The trial court entered an order on May 30, 2012, which in part addressed Wife's Motion to Clarify:

> 7. The Hon. Margot F. Reagan entered her order dated February 4, 2010, establishing [Husband's] child support obligation at the sum of $395.00 per week. In that order the parties were ordered to escrow any bonus that [Husband] might receive in 2010 for calendar year "with the parties to determine how said funds are to be distributed."
> 8. Bonus funds were received by [Husband], it would appear, in the late spring of 2010, and were placed in his counsel's trust fund. At no time was a motion

---

[1] Husband's first Motion to Correct Errors, filed January 23, 2012, requested that Wife be ordered to return the $20,000.00 she was allowed to withdraw from the escrowed bonus in "after tax dollars." Id. at 68. The trial court's order of March 2, 2012, declined to correct the Decree to require Wife to bear the tax consequences of the reimbursement. Id. at 57.

4

to amend [Husband's] child support obligation filed with respect to the receipt of these funds.

9. [Husband] petitioned the Court that he be permitted to pay certain marital debt with a portion of these funds.

10. The Hon. Margot F. Reagan entered her order dated October 1, 2010, entitling each party to "withdraw the sum of $20,000.00" of such funds "for their temporary use."

11. The bonus funds received in 2010 were characterized at trial as a marital asset and not income for the purposes of child support. The Decree of Dissolution of Marriage treats prospectively received bonus funds as income for purposes of child support.

12. [Wife] did not file a Motion to Correct Error or a Motion pursuant to T.R. 60(B), after the entry of the Decree as to the issue of the bonus funds.

13. The Court declines to modify its Decree with respect to its treatment of the bonus funds.

Id. at 48-49. Wife now appeals.

Discussion and Decision

Wife's appeal concerns only the 2009 bonus because any future bonuses are accounted for by the provisions of the Decree. At trial, Wife contended the bonus was a marital asset; the trial court disagreed and found in its Decree, issued December 22, 2011, that it was not a marital asset. On January 23, 2012, Husband filed a timely Motion to Correct Error from the Decree. The trial court issued an order on the Motion to Correct Error on March 2, 2012.[2] On March 7, 2012, nearly two and one-half months after the Decree was issued, Wife filed a Motion to Clarify asking whether the 2010 bonus was subject to the provision of the Decree that twelve percent of any bonuses be paid as child support. When the trial court "clarified"

_____

[2] Following the trial and prior to the Decree being entered, the evidence was re-opened to entertain newly discovered evidence the parties and trial court referred to as the "phantom stock" issue. The proceedings on this issue ran somewhat in parallel to the child and property settlement proceedings, and the trial court issued an order on the phantom stock issue on January 27, 2012, from which Husband filed a separate Motion to Correct Error on February 27, 2012. Husband's motions to correct error and other pending matters appear to have been heard on March 1, 2012, after which the trial court issued an order March 1, 2012, dealing with some issues and an order on March 2, 2012, dealing with the remainder. At the latest, Husband's

5

that the 2009 bonus was not subject to the twelve percent provision, Wife filed a Notice of Appeal.

Indiana Appellate Rule 9 governs the initiation of an appeal:

(1) *Appeals from Final Judgments*. A party initiates an appeal by filing a Notice of Appeal with the Clerk . . . within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary. However, if any party files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion is noted in the Chronological Case Summary or thirty (30) days after the motion is deemed denied under Trial Rule 53.3, whichever occurs first.
* * *
(5) *Forfeiture of Appeal.* Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R. 2.

Rule 9 does not place any restrictions on the issues that may be raised on appeal following a ruling on a motion to correct error, nor does it place any restrictions on the party who may file a notice of appeal following such a ruling. Bohlander v. Bohlander, 875 N.E.2d 299, 300 (Ind. Ct. App. 2007), trans. denied. Thus, Husband's timely motion to correct error filed after entry of the Decree extended Wife's time to perfect an appeal from the Decree. The motion to correct error was ruled upon on March 2, 2012.

Rather than having challenged the trial court's determination that the 2009 bonus was not a marital asset during the motions to correct error proceedings or filing a petition to modify child support to account for the 2009 bonus as income, Wife filed a "motion to clarify" after the trial court ruled on Husband's motions to correct error. To the extent the motion to clarify can be said to have requested any relief at all, it was at best a motion to reconsider and it did not further extend Wife's time to file a notice of appeal from the

motion to correct error was ruled on by March 2, 2012.

6

Decree. See Ind. Trial Rule 53.4 (repetitive motions and motions to reconsider "shall not delay the trial or any proceedings in the case, or extend the time for any further required or permitted action, motion, or proceedings under these rules."); Peters v. Perry, 873 N.E.2d 676, 678 (Ind. Ct. App. 2007) (citing Trial Rule 53.4 and holding that the filing of a second motion to correct error would not extend the time for filing a notice of appeal; notice of appeal was due within thirty days from the date first motion to correct error was ruled on), modified on other grounds on reh'g, 877 N.E.2d 498 (Ind. Ct. App. 2007). To timely appeal the provisions of the Decree, Wife's notice of appeal was due by April 2, 2012. She did not file her notice of appeal until June 26, 2012. She has therefore forfeited her right to appeal the trial court's handling of the 2009 bonus and we dismiss her appeal.

Nonetheless, we note briefly that the 2009 bonus did not accrue to Husband until approximately two months after the petition for dissolution was filed. Although Wife contended at trial that eleven-twelfths of the bonus should be considered a marital asset to account for the eleven months they were together in 2009, Husband was entitled to no bonus as of December 1, 2009. The marital pot generally closes on the date a petition for dissolution is filed. Alexander v. Alexander, 927 N.E.2d 926, 940 (Ind. Ct. App. 2010), trans. denied; see Ind. Code § 31-15-7-4(a). The trial court could properly conclude the bonus was not a marital asset subject to division. As for whether a portion of the bonus should have been paid as child support, the trial court in its order addressing Wife's motion to clarify noted that both parties made temporary use of a portion of the bonus, and approximately one-third of the bonus was used to pay marital debts. Although the trial court

7

determined that twelve percent of future bonuses should be paid as child support, it was within its discretion to consider the use made of the 2009 bonus and exclude it from that provision. In short, even had Wife filed a timely notice of appeal, she would not have demonstrated any error with respect to the 2009 bonus.

## Conclusion

Wife did not timely appeal the trial court's determination that the 2009 bonus was not a marital asset and we therefore dismiss her appeal.

Dismissed.

MAY, J., and PYLE, J., concur.