**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DONALD E. WERTHEIMER**
South Bend, Indiana

ATTORNEY FOR APPELLEE:

**STEPHEN D. BANNWART**
Kopka Pinkus Dolin & Eads, PC
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL J. FREY and THERESA FREY, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1401-PL-12 |
| | ) | |
| QUALITY DINING, INC. d/b/a, | ) | |
| CHILI'S and CHILI'S OF CHRISTANA, INC., | ) | |
| d/b/a CHILI'S RESTAURANT, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE ST. JOSEPH CIRCUIT COURT
The Honorable Michael G. Gotsch, Judge
Cause No. 71C01-1301-PL-23

**July 23, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Michael and Theresa Frey ("the Freys") appeal the trial court's dismissal of their action against Quality Dining, Inc., d/b/a Chili's; Chili's of Christana, Inc., d/b/a Chili's and Chili's Restaurant ("Quality Dining"). We affirm.

**Issue**

The Freys raise one issue, which we restate as whether the trial court properly dismissed their complaint against Quality Dining under Indiana Trial Rule 41(E).

**Facts**

In January 2013, the Freys filed a complaint against Quality Dining, alleging that Theresa had fallen at Quality Dining's restaurant and sustained injuries. In February 2013, Quality Dining filed its answer, affirmative defenses, and jury demand. Quality Dining also requested a case management conference, which the trial court scheduled for May 30, 2013.

On May 5, 2013, Quality Dining filed a motion to compel. Quality Dining contended that it had served interrogatories and requests for production on the Freys on February 11, 2013, that it had granted the Freys an extension of time to respond until April 15, 2013, that it later had granted an additional extension of time to April 26, 2013, and that the Freys still had not responded to the discovery requests. On May 6, 2013, the trial court granted the motion to compel and ordered the Freys to answer the discovery requests within fourteen days. On May 23, 2013, Quality Dining filed a motion to show cause, arguing that the Freys still had not responded to the discovery requests. The

2

Chronological Case Summary ("CCS") indicates that the "Order to show cause issued returnable May 30, 2013 at 3:00 p.m. per form of order." Appellants' App. p. 2.

According to the Freys, they submitted responses to the interrogatories, but they were "unable to submit responses to [Quality Dining's] requests for production." Appellants' Br. p. 1. After the May 30, 2013 pretrial conference, the trial court issued the following order:

> Plaintiff to produce all records or provider release/authorization for medical records within fifteen (15) days of today's date. Plaintiff represents that he will fully comply with discovery request. Further hearing on Rule to Show Cause continued to be reset.
>
> Parties to conduct initial discovery/depositions by September 30, 2013.
>
> Cause is ordered to mediation. Each party or agent . . . is ordered to be present, with a deadline of November 30, 2013.

Appellee's App. p. 39. On June 26, 2013, Quality Dining reminded the Freys by email that their responses were overdue. On July 12, 2013, Quality Dining filed a motion to renew its motion to show cause. Quality Dining noted:

> The Plaintiffs' delay or refusal to answer [Quality Dining's] Request for Production creates an undue hardship. The mediator is pressing for a date to conduct mediation but the Defendants' cannot agree to scheduled mediation date without the documents requested and promised list from plaintiff's counsel. Moreover, the Defendants are being substantially prejudiced as this Court in its Order of May 30, 2013, set a deadline of September 30, 2013 to conduct initial discovery/depositions . . . . The initial discovery/depositions cannot be completed by that deadline absent the Plaintiffs' responses to Defendants' Request for Production, requests that have been outstanding since February 11, 2013.

3

Appellants' App. p. 10. The trial court granted Quality Dining's motion and set the matter for hearing on August 19, 2013. The Freys did not appear for the hearing on August 19, 2013, and the trial court dismissed their action with prejudice pursuant to Indiana Trial Rule 41(E) based on the Freys' failure to appear and failure to respond.

On September 18, 2013, the Freys filed a motion to vacate the trial court's order of dismissal. According to the Freys, their counsel did not attend the August 19, 2013 hearing because the hearing inadvertently was not placed on his calendar. Quality Dining responded, noting that the Freys never responded to the request for production of documents and arguing that the trial court's sanction was proper. The trial court interpreted the Freys' motion to vacate as "a motion to correct error under Ind. Trial Rule 60(B)" and denied the motion. Id. at 57. The Freys now appeal.

**Analysis**

The Freys argue that the trial court abused its discretion by dismissing their action against Quality Dining. "[W]here the sanction imposed for discovery violations is dismissal, some overlap in the applicability of Trial Rules 37 and 41 may occur." Wright v. Miller, 989 N.E.2d 324, 328 (Ind. 2013). Indiana Trial Rule 37(B)(2)(c) provides that if a party "fails to obey an order to provide or permit discovery" the trial court "may make such orders in regard to the failure as are just," including an order dismissing the action. Further, Indiana Trial Rule 41(E) provides:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of

4

dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing.

The decision to impose the sanction of dismissal for a party's failure to comply with a discovery order is a matter within the trial court's discretion. Whitaker v. Becker, 960 N.E.2d 111, 115 (Ind. 2012). A trial court is not required to impose lesser sanctions before applying the ultimate sanction of dismissal or default judgment. Peters v. Perry, 877 N.E.2d 498, 499 (Ind. Ct. App. 2007).

The Freys focus on the granting of dismissal for failure to prosecute and argue that the relevant factors did not support dismissal.[1] However, the trial court granted dismissal based both on the Freys' failure to prosecute and their failure to respond to the motion to compel and the discovery requests. Rule 41(E) allows dismissal for both "a failure to comply with these rules" and "when no action has been taken in a civil case for a period of sixty [60] days." T.R. 41(E). We conclude that the trial court was within its discretion

---

[1] The factors generally considered in determining whether a trial court has abused its discretion in dismissing an action for failure to prosecute include:

> (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part.

Indiana Dep't of Natural Res. v. Ritz, 945 N.E.2d 209, 215 (Ind. Ct. App. 2011), trans. denied.

to dismiss the action based on the Freys' failure to comply with the trial rules and the trial court's orders.

After the Freys failed to respond to Quality Dining's discovery requests, the trial court granted a motion to compel and ordered the Freys to respond within fourteen days of the May 6, 2013 order. The Freys failed to do so. The Freys later submitted responses to the interrogatories but failed to respond to the requests for production. On May 30, 2013, the trial court ordered the Freys to respond to the remaining discovery within fifteen days. When the Freys again failed to do so, the trial court ordered them to appear at a show cause hearing on August 19, 2013. Again, the Freys failed to comply with the trial court's order and did not appear at the hearing. The Freys' repeated delays in responding to discovery have prevented Quality Dining from conducting depositions, finalizing discovery, and preparing for mediation. Given the repeated failures to comply with the trial rules and the trial court's orders, the trial court was within its discretion to dismiss the Freys' complaint with prejudice. See, e.g., Brown v. Katz, 868 N.E.2d 1159, 1169 (Ind. Ct. App. 2007) (holding that dismissal was just and the sanction not an abuse of discretion where the plaintiff failed to comply with discovery rules); Office Environments, Inc. v. Lake States Ins. Co., 833 N.E.2d 489 (Ind. Ct. App. 2005) (dismissing an action under Rule 41(E) for failure to participate in a court-ordered mediation); cf. Wright, 989 N.E.2d 324 (reversing the exclusion of a medical expert and dismissal of an action where plaintiffs' counsel inadvertently failed to include the expert

on the witness list but the defendant was aware of the expert and was not prejudiced).

Moreover, the trial court properly denied the Freys' motion to vacate the dismissal.[2]

## Conclusion

The trial court did not abuse its discretion by dismissing the Freys' complaint against Quality Dining pursuant to Indiana Trial Rule 41(E) or by denying the Freys' motion to vacate the dismissal. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.

---

[2] We note that Indiana Trial Rule 41(F) provides that a dismissal with prejudice under the rule "may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)." The Freys make no argument concerning Trial Rule 60(B).