**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 19 2014, 10:28 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**DAVID W. STONE IV**
Stone Law Office & Legal Research
Anderson, Indiana

**MYRON A. RAHN III**
McCordsville, Indiana

ATTORNEY FOR APPELLEE:

**JESSICA S. LACY**
Law Office of Jessica S. Lacy
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MARY (MCNUTT) TUITE, | ) |
| Appellant-Petitioner, | ) |
| vs. | )     No. 30A04-1406-DR-280 |
| MARK MCNUTT, | ) |
| Appellee-Respondent. | ) |

APPEAL FROM THE HANCOCK SUPERIOR COURT
The Honorable Terry K. Snow, Judge
Cause No. 30D01-1110-DR-2059

December 19, 2014

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Mary Tuite ("Wife") appeals the trial court's order dissolving her marriage to Mark McNutt ("Husband") and valuing and distributing the parties' marital assets. Wife raises the following two issues for our review, which we restate and reorder as follows:

1.      Whether the trial court's valuation of certain household items and a vehicle is clearly erroneous.

2.      Whether the trial court erred when it failed to identify and distribute rental income received by Husband from a marital asset.

We affirm in part and reverse and remand in part.

## FACTS AND PROCEDURAL HISTORY

Ten years prior to his marriage to Wife, Husband acquired certain real property that he rented out for income ("the Rental Property"). He refinanced the Rental Property in 2001. He and Wife married in 2005, at which time Husband had about $13,000 in equity in the Rental Property. On July 8, 2011, Husband and Wife purchased real property in Indianapolis that they used as the marital residence.

About three months later, Wife filed her petition for dissolution of the marriage. The court held a final hearing on Wife's petition on January 27, 2014. For each of the twenty-seven months between the filing of the petition for dissolution and the final hearing, Husband rented the Rental Property for $1,000 per month. Husband was solely responsible for finding tenants, paying expenses, and maintaining the Rental Property, and he incurred about $3,000 in expenses in doing so.

At the final hearing, Wife and Husband each opined, without expert opinion, on the value of certain marital property. Among other things, Husband believed a Chevrolet

HHR, a passenger vehicle, was worth $12,000, while Wife argued it was worth about $5,500. However, at the hearing Wife agreed that she had put "[a] lot more miles on it" since she had filed her petition for dissolution and that, as of the hearing and unlike at the time she had filed her petition, "it[']s not still worth" $12,000. Tr. at 43. Following the fact-finding hearing, the court entered its order dissolving the parties' marriage and valuing and distributing the marital assets. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

Wife appeals the court's judgment, which the court entered after it made findings of fact and conclusions thereon. Our two-tiered standard of review in such appeals is clear:

> first, we determine whether the evidence supports the findings, and second, whether the findings support the judgment. In deference to the trial court's proximity to the issues, we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. We do not reweigh the evidence, but consider only the evidence favorable to the trial court's judgment. Those appealing the trial court's judgment must establish that the findings are clearly erroneous. Findings are clearly erroneous when a review of the record leaves us firmly convinced that a mistake has been made. We do not defer to conclusions of law, however, and evaluate them de novo.

Mysliwy v. Mysliwy, 953 N.E.2d 1072, 1076 (Ind. Ct. App. 2011) (citations omitted).

## Issue One: Valuation of Household Items and HHR

We first address Wife's arguments that the trial court erroneously valued certain household items.[1] Wife's argument here is less than clear. However, we agree with Husband's summary of Wife's apparent position:

> Wife seems to be arguing that[,] because the trial court used her dollar value in valuing the parties' lawnmower at $750, the trial court was somehow bound to use Wife's values for all of the items of furniture, etc. Wife also argues that Husband's valuation should not be given as much weight . . . . However, Husband based his valuation on the items in his possession and the value of the . . . items in Wife's possession [shortly after she filed for dissolution].

Appellee's Br. at 9. We further agree with Husband that the trial court's valuations were within the evidence before the trial court and that Wife's arguments on appeal amount to requests for this court to reweigh the evidence, which we will not do. We cannot say that the trial court's valuation of the household items was clearly erroneous.

Wife also argues that the trial court erred when it valued the HHR at $9,400 because Husband's assertion that it was worth $12,000 was premised on his erroneous belief that the vehicle was a six-cylinder vehicle rather than a four-cylinder. But the trial court did not value the HHR at $12,000. Moreover, the parties acquired the HHR in 2009 for about $13,000, and a fair inference can be made both from this and from Wife's testimony that the vehicle was worth about $12,000 as of October 2011. And the court's value of $9,400 is within the range of values presented by the parties. As such, the court's valuation of the HHR is not clearly erroneous. See Balicki v. Balicki, 837 N.E.2d

---

[1] Wife does not clearly delineate these items in her appellate brief.

532, 536 (Ind. Ct. App. 2005), trans. denied. We affirm these portions of the trial court's order.

## Issue Two: Rental Proceeds

We next address Wife's argument that the trial court "committed an error of law in not including the net income from the rental property in the marital estate." Appellant's Br. at 4. We must agree. Nowhere in its order does the court account for the undisputed fact that Husband grossed about $27,000 in income from the Rental Property during the pendency of this action. It is not disputed that the Rental Property was a marital asset. And income from a marital asset is also a marital asset. See, e.g., Smith v. Smith, 854 N.E.2d 1, 6 (Ind. Ct. App. 2006) ("Net income from the property bought before or during the marriage is a marital asset.").

Husband suggests that this omission is balanced by other omissions in the court's order.[2] But this court is neither "obliged to rationalize the judgment" nor is it "this court's place to explain to the fact-finder what the fact-finder should have explained to this court in the first instance." Masters v. Masters, ___ N.E.3d ___, 2014 WL 5465098 at *6 (Ind. Ct. App. 2014), not yet certified. We reverse this portion of the court's order and remand with instructions that it issue a new order that accounts for the gross and net rental income.

Affirmed in part, reversed in part, and remanded with instructions.

MATHIAS, J., and BRADFORD, J., concur.

---

[2] We need not discuss Husband's other assertions on this issue. But we note that Husband asserts that "Wife is arguing that the trial court [erred] by awarding Husband a set off for his premarital equity." Appellee's Br. at 6. However, we do not interpret any of Wife's statements in her appellate brief to raise such an argument. Insofar as Wife intended to do so, the argument is waived. Ind. Appellate Rule 46(A)(8)(a).